■ RICHARD KUDLACK et al., Respondents, v LANDMARK REALTY COMPANY et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered January 11, 1985 in Albany County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint and granted partial summary judgment to plaintiffs by declaring paragraph 22 of the lease entered into by the parties to be invalid.

On December 1, 1977, plaintiffs executed a lease with defendant Landmark Realty Company's predecessor in interest (hereinafter landlord) for a five-year rental of the premises located at 290 Ontario Street in the City of Albany. Plaintiffs entered into this lease in order to conduct a restaurant and grill business and apparently purchased various personal property and fixtures in order to do so. The lease gave plaintiffs the option of renewing their tenancy for an additional five-year term.

On February 13, 1980, plaintiffs contracted to sell their business, personal property and fixtures, as well as to sublease

the premises, to Bogart's Tavern, Inc., and its principal, Warren Schneider (hereinafter jointly referred to as Schneider). Plaintiffs assert that, although they did not comply with the lease's requirement of written notice for renewal, the landlord orally accepted their renewal of the lease. Landmark, which acquired the landlord's interest in the premises in November 1982, refused to acknowledge this renewal and viewed Schneider's occupation as that of a holdover tenant.*

On March 17, 1983, Landmark served plaintiffs and Schneider with notices to quit as of May 1, 1983. Since plaintiffs and Schneider failed to comply with the notice to quit on May 2, 1983, Landmark served them with petitions to recover possession of the real property. This petition was returnable on May 19, 1983. However, on or about that same date, Schneider voluntarily surrendered possession of the premises to Landmark, allegedly informing Landmark that plaintiffs were not abandoning their personal property and fixtures. The premises remained vacant until Landmark leased them to defendant Bogies, Inc., on October 1, 1983.

Subsequently, plaintiffs claim that they demanded the return of the personal property and fixtures that had been left at the premises. On January 4, 1984, plaintiffs brought the instant action against Landmark and Bogies to recover the value of their personal property. In its answer, Landmark claimed ownership thereof pursuant to the provisions of plaintiffs' lease with the landlord, and counterclaimed for rent and water charges that had accrued between Schneider's surrender in May 1983 and Bogies' occupancy on October 1, 1983. Landmark subsequently moved for summary judgment, and Bogies, in a separate application, moved for the same relief. Special Term denied these motions and, *sua sponte,* declared that paragraph 22 of the lease was invalid because it contravened State policy concerning abandoned property and, alternatively, was void because it was unconscionable. This appeal by defendants ensued.

We turn first to Special Term's determination that paragraph 22 of the lease was invalid. Paragraph 22 provided that if plaintiffs vacated the property under certain circumstances and left personal property or fixtures behind, ownership of these items would vest in the landlord. Contrary to Special Term's conclusion, we find that the Abandoned Property Law

---

* The parties inform us that plaintiffs and Landmark are litigating this matter in a separate action. However, no party provides any details with respect to resolution of this related action.

is not applicable *(see,* Abandoned Property Law § 102; *Foulke v New York Consol. R. R. Co.,* 228 NY 269, 273). Furthermore, *no party argued that paragraph 22 was unconscionable,* and we find no basis in the record for such a determination. Moreover, there was neither a hearing held nor any pretrial disclosure concerning unconscionability *(see,* Real Property Law § 235-c [2]; *cf. Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 390). Finally, we note that any affirmative claim of unconscionability by plaintiffs is now time barred *(see, 35 Park Ave. Corp. v Campagna,* 48 NY2d 813, 814-815).

Turning to the remaining issues, a review of the record reveals that Special Term properly denied the summary judgment motions made by defendants. The papers submitted to Special Term raise more questions of fact than they answer and clearly demonstrate that defendants are not entitled to the requested relief. We note that before any determination on Landmark's counterclaim can be made, it will be necessary to know the outcome of the related litigation determining whether the instant lease was renewed or whether Schneider was merely a holdover tenant.

Order modified, on the law, without costs, by striking so much thereof as declared paragraph 22 of the lease to be invalid, and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.