■ THOMAS WHELAN, an Infant, by THOMAS M. WHELAN, His Parent and Natural Guardian, et al., Respondents, v GTE SYLVANIA INCORPORATED et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered October 17, 1990, which denied the defendants' motion and cross-motion for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law, the defendants' motion and cross-motion for summary judgment dismissing the complaint granted as to all defendants, without costs. Appeal from the order of the same court and Justice, entered March 8, 1991, which denied the defendants' motion and cross-motion for renewal and reargument is dismissed as academic, without costs.

This is a personal injury action sounding in negligence, breach of warranty and strict products liability. The complaint alleges, *inter alia*, that on August 12, 1983, the infant-plaintiff was injured when a GTE Sylvania 75 or 100 watt incandescent light bulb that had been purchased at the Pergament Home Center in Staten Island during the 1983 July 4th sale exploded while in use. It is claimed that defendant GTE Products Corp. ("GTE", incorrectly sued herein as GTE Sylvania Incorporated and Sylvania Products Corporation) negligently manufactured and sold a defective light bulb to the Pergament defendants who then sold it to the plaintiff-father.

GTE sought summary judgment and dismissal of the complaint on the grounds that it had not manufactured the bulb in question and that GTE had not sold its bulbs to Pergament since 1977. In support of its motion, GTE submitted an affidavit from David Fox, an Engineering Manager for incandescent light bulbs at GTE. In that affidavit, Fox stated that he had

examined fragments of the allegedly defective bulb that had been provided by plaintiffs. Fox stated that the fragments were from a generic Phillips 60 watt bulb and a three-way bulb. Fox stated: "The reason it is clear that the other set of fragments is from a three-way bulb is the configuration of the filament. Three-way bulbs and GTE-SYLVANIA 75-100 watt bulbs have different filament configurations. The filament produced by plaintiff's counsel as part of the bulb involved in this incident is of a three-way bulb and not of a GTE-SYLVANIA 75-100 watt bulb. * * * It is impossible for the bulb fragments I examined to be from a GTE-SYLVANIA 75-100 watt bulb, because of the filament configuration."

GTE also submitted Fox's deposition transcript which indicated that GTE had not sold bulbs to Pergament since at least 1977-78.

The Pergament defendants then submitted an affidavit in support of their cross-motion for summary judgment and of the GTE motion. The affidavit was by David Levine, Senior Divisional Merchandise Manager for the Pergament Home Centers. Levine stated that a search of Pergament's sales and invoice records for the period prior to the accident revealed that they had stopped purchasing bulbs from GTE in 1977.

In opposition to the motion and cross-motion, an affidavit by the plaintiff-father reiterated unequivocally the claim that the exploding bulb was in fact a 75-100 watt GTE Sylvania light bulb and that he had purchased it at Pergament during the 1983 July 4th sale. Plaintiffs also submitted an expert's affidavit of merit from Martin M. Sackoff, Ph.D., a graduate chemist and Executive Director of Laboratories of the International Testing Laboratories, Inc. Dr. Sackoff concluded from his examination of the fragments provided by plaintiffs that the manufacture of the bulb was substandard and a departure from accepted manufacturing practices. Specifically, he believed that water vapor had become trapped in the bulb during the manufacturing process. When the bulb was in use, the heat caused the water vapor to expand which placed excessive stress on the glass causing it to shatter.

By order entered October 17, 1990, the IAS court denied defendants' motion and cross-motion on the grounds (1) that an issue of fact existed with respect to whether Pergament sold GTE light bulbs after 1977-78 because the Staten Island store could have purchased them from another source or received them as a transfer from another Pergament store or some other source, (2) that an issue of fact existed regarding the identity of the bulb because the Fox affidavit denying that

the bulb was manufactured by GTE was countered by an affidavit of the plaintiff-father and testimony of the plaintiff-son that the defective bulb was a GTE bulb, and (3) that Fox, as an employee, was an interested witness and his credibility should be determined by a jury.

GTE then moved for renewal and/or reargument alleging a misapprehension of facts and misapplication of law. Also, because of the IAS court's effective rejection of the Fox affidavit, GTE submitted the affidavit of a non-employee expert. The affidavit of Ronald Caporali, doctorate in ceramic science and president of Advanced Glass Science, Inc., echoed the most significant conclusion in the Fox affidavit: the fragments provided by plaintiffs were from a three-way bulb and not a GTE Sylvania 75 or 100 watt bulb. Dr. Caporali specifically stated in his affidavit: "Since the light bulb fragments contain two filament wires, the bulb must be a three-way bulb. Single-wattage bulbs, such as a 75- or 100-watt bulb, contain one single filament. Three-way bulbs contain two filaments which light alternatively or together to make up the three different wattages of a three-way bulb. In addition, the base has two separate electrical contacts; one for each of the two filaments. Single-wattage bulbs only have one electrical contact."

The Pergament defendants cross-moved for reargument alleging that the IAS court had overlooked the fact that Pergament maintained a centralized buying department for all of its stores and that no individual Pergament store made purchases from either a manufacturer or another store. This was attested to in a second affidavit by Levine.

By order entered March 8, 1991, the motion and cross-motion for reargument and/or renewal were denied because Dr. Caporali had examined the fragments over a year prior to the motion for summary judgment and, therefore his conclusion was not a new matter unknown to defendants prior to the making of the motion. The IAS court also held that there was no valid excuse for the failure to offer the Caporali affidavit with the summary judgment motion and noted that plaintiffs had previously submitted an affidavit of merit. This appeal followed.

It is well settled that "[t]o obtain summary judgment it is necessary that the movant establish his cause of action or *defense* 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form."

*(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980].) To defeat a motion for summary judgment, the opponent must also produce "evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" and "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York, supra,* at 562).

On this record, it was error to deny the motion for summary judgment. The evidence establishing that the bulb was not a GTE Sylvania 75 or 100 watt bulb (Fox affidavit) was uncontroverted. Plaintiffs did not contest the factual assertion that the filament configuration of the bulb produced by plaintiffs was different from the filament configuration that would be present in the 75 or 100 watt GTE Sylvania bulb that plaintiffs asserted was at fault. As such, this fact may be deemed to be admitted *(Kuehne & Nagel v Baiden,* 36 NY2d 539, 544 [1975]). Plaintiffs offered no explanation for the assertion that the fragments were other than as they claimed. Plaintiffs produced no receipts or other documentation to support their identification of the bulb or even where it was purchased. Given the Fox affidavit, in order to sustain at least the strict products liability claim, it was incumbent upon plaintiffs to provide more than a bald assertion that the bulb was a GTE Sylvania 75 or 100 watt bulb *(see, Smith v Johnson Prods. Co.,* 95 AD2d 675 [1983]). The fact that Fox was an employee of GTE did not preclude the use of his affidavit to grant summary judgment, especially since it was uncontroverted *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986] [summary judgment granted to defendant-physician in medical malpractice action based upon, *inter alia,* his deposition testimony and medical record]). Here, the Fox affidavit indicated that the fragments provided by plaintiffs had a filament configuration that was present in three-way bulbs but not a 75 or 100 watt GTE Sylvania bulb. Plaintiffs failed to rebut this evidence with sufficient evidentiary proof and, thereby, failed to raise a genuine triable issue of fact.

The contention that *Brennan v Bauman & Sons Buses* (107 AD2d 654 [1985]) is controlling and requires a jury to accept or reject the expert testimony provided herein is without merit. In *Brennan,* after trial, the jury rejected subjective expert opinion as to the seriousness of plaintiff's injury. Indeed, that court noted that the objective factual evidence did not support the subjective medical opinions *(supra,* at 655). That is not the case here. Two experts, unchallenged as to

their qualifications, have attested that a GTE Sylvania 75 or 100 watt bulb does not have the filament configuration of the bulb produced by plaintiffs. This is a purely objective factual finding. Therefore, if plaintiffs had produced an expert affidavit stating the contrary, there would be a genuine triable issue of fact. They have not done so.

For the same reasons and analysis set forth above, it was error to deny the Pergament defendants' cross-motion for summary judgment regarding the failure of proof as to where the defective bulb was purchased.

The motion and cross-motion for renewal and/or reargument should have been granted. It was an abuse of discretion for the court to reject GTE's offer of a non-employee expert affidavit when this offer was in direct response to the concerns of the IAS court (see, Foley v Roche, 68 AD2d 558 [1979]; Vitale v La Cour, 96 AD2d 941 [1983]). Moreover, the factual assertions in the Caporali affidavit were uncontroverted.

The IAS court did not address the Pergament defendants' cross-motion for renewal and/or reargument except to deny it. However, the second Levine affidavit eliminated the IAS court's concern that the bulb could have been obtained through a transfer or direct purchase by that individual store. In light of the IAS court's rationale for denying summary judgment to the Pergament defendants, it was appropriate for these defendants to clarify a misapprehended fact. It was an abuse of discretion not to consider the second Levine affidavit. Finally, once again plaintiffs allowed this evidence to stand uncontroverted save for an assertion to the contrary. Interestingly, plaintiffs did not even attempt to argue that additional discovery would be needed to refute this affidavit.

Accordingly, based upon the foregoing, summary judgment should be granted to all defendants and the complaint dismissed. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.