■ MARIE CHRISTIANA, Respondent, v JOYCE INTERNATIONAL, INC., Appellant. [604 NYS2d 282] —Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered October 13, 1992 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff brought this action to recover for injuries sustained

when a file cabinet fell on her during the course of temporary employment at IBM. She maintains that the allegedly defective cabinet, which had been removed from the premises before she returned to work and which no one has since been able to locate, was manufactured or distributed by defendant. After issue was joined and some discovery had, defendant moved for summary judgment, contending that plaintiff had no proof to support her claim that defendant supplied the cabinet in question, nor any proof of a manufacturing or design defect for which defendant could be held liable. Plaintiff successfully opposed the motion and defendant appeals.

To obtain summary judgment dismissing the complaint, defendant must, in the first instance, come forth with some proof that it is not liable to plaintiff as a matter of law (see, CPLR 3212 [b]; *Ayotte v Gervasio,* 81 NY2d 1062; *Zuckerman v City of New York,* 49 NY2d 557, 562). The party opposing the motion need not "lay bare its proof" and demonstrate the presence of a triable question of fact unless the movant has first established its right to judgment by means of admissible evidence.

Here, defendant has not unequivocally established that it did not sell the specific cabinet that injured plaintiff, nor has it offered any proof tending to show that the cabinet was free from defects at the time it was delivered to IBM. Defendant's motion papers essentially assert that plaintiff's failure to prove her case through the discovery that has taken place up to this time must result in dismissal of the complaint; at this juncture, however, there having been no conclusive showing made by defendant of its entitlement to judgment, plaintiff is not obliged to even establish the merits of her claim (see, *Wilder v Rensselaer Polytechnic Inst.,* 175 AD2d 534, 535). Summary judgment was therefore properly denied.

Mercure, Crew, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.