■ MAURICE KESSLER, Respondent, v JOE HORNSTEIN, INC., et al., Defendants, and OSRAM LAMP CORP. et al., Appellants. [615 NYS2d 388] —Order of the Supreme Court, New York County (Carol Arber, J.), entered on November 19, 1993, which denied the motion of defendant Osram for summary judgment dismissing the complaint, is unanimously reversed, on the law and the facts, and the motion is granted, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the complaint as to them, without costs.

In this products liability action, the plaintiff-respondent seeks damages for personal injuries allegedly incurred in the course of his employment as a movie theater projector operator. At issue on this appeal is whether the record contains sufficient evidence of manufacturer identity with respect to the projector light bulb, as to which plaintiff alleges the manufacturer negligently failed to warn him of the alleged risks of injury. We hold that the record evidence is insufficient

as a matter of law to present a question of fact as to whether appellant is the manufacturer of the bulb that is alleged to have caused plaintiff's injuries *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102; *Smith v Johnson Prods. Co.,* 95 AD2d 675).

The record contains the deposition testimony of Roger Getzoff, a non-party witness who personally observed the installation of the projector in issue, that the bulb was not an Osram bulb because it did not have a shiny anode, which is a distinctive feature of Osram bulbs. The only evidence implicating Osram is plaintiff's testimony that he saw a box in the projection room with the name Osram on it. Plaintiff acknowledged in his testimony that he did not look at the lamp in the projector.

On this record, we hold that there is no triable issue of fact as to whether Osram is the manufacturer of the bulb in issue *(see, Whelan v GTE Sylvania,* 182 AD2d 446). Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.