■ MIGDALIA VASQUEZ, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [621 NYS2d 8] —Order, Supreme Court, New York County (Salvador Collazo, J.) entered on or about December 2, 1993, insofar as it denied defendants-appellants' motion for summary judgment dismissing the complaint and cross-claims against them, unanimously affirmed, without costs.

Plaintiff was injured when the bus shelter she was standing under collapsed upon her. Defendants-appellants' sole factual support for their motion was a one-page affidavit from a person employed by only one of them as a civil engineer, who offered only a conclusory denial of responsibility for the subject bus shelter, an insufficient basis for summary judgment (see, Keys v Arnold's Meat Food Prods., 155 AD2d 355). For that reason, the initial burden on the summary judgment motion was not sustained, and denial was proper without regard to the sufficiency of the opposing papers (Alvarez v Prospect Hosp., 68 NY2d 320, 324).

We have considered defendants-appellants' remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.

■ ERIC LANDAU, Respondent, v FLEET CALL, INC., et al., Appellants. [621 NYS2d 853] —Order, Supreme Court, New York County (Myriam Altman, J.), entered October 21, 1993, which granted defendants' motion for a default judgment unless plaintiff served a verified reply to defendants' counterclaims within 10 days, unanimously affirmed, with costs.

We find that plaintiff's attorney's failure to serve a timely answer to defendants' counterclaims was due to his mistaken belief that a reply had already been served, that the brief delay caused defendants no prejudice, and that the affidavit of plaintiff's attorney was adequate for purposes of showing a meritorious defense (see, Epstein v Lenox Hill Hosp., 108 AD2d 616, 617, amended 114 AD2d 824; Mufalli v Ford Motor Co., 105 AD2d 642, 643-644). Accordingly, it was a proper exercise of discretion to extend plaintiff's time to serve a reply (CPLR 3012 [d]). Concur—Ellerin, J. P., Ross, Rubin, Nardelli and Williams, JJ.