■ GEORGE FERNET et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION, Respondent. [629 NYS2d 860] —White, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 10, 1994 in Saratoga County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiffs commenced this personal injury action to recover damages and derivative losses they allegedly incurred as the result of a work-related injury plaintiff George Fernet sustained when he fell from a platform that was about eight feet above the floor of the building in which he was working that was owned by defendant. Following some discovery, plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) cause of action. Supreme Court denied the motion, prompting this appeal.

We affirm. We have recently reaffirmed our adherence to the rule that where, as here, scaffolding is less than 20 feet from the ground or floor and there is no evidence that it was defective or otherwise failed to perform its function of elevating the workers and their materials, the issue of whether safety rails or other protective devices were necessary to provide proper protection is generally a question of fact (*see, Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853; *see also, Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, 865). This case is not an exception to this rule since plaintiffs presented no evidence on the necessity for safety rails or other devices or whether the absence of such devices was the proximate cause of Fernet's

injury. The case of *Wright v State of New York* (66 NY2d 452) upon which plaintiffs rely is inapposite, for the holding therein is predicated upon affirmed findings that the absence of a guardrail or other safety device resulted in the denial of proper safety protection to the claimant and that such absence was the proximate cause of his injury (*supra*, at 461).

We further note that because plaintiffs did not make a prima facie showing of their entitlement to summary judgment, defendant was under no obligation to come forward with evidentiary proof creating a triable issue of fact (*see, Christiana v Joyce Intl.*, 198 AD2d 690, 691).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.