■ UGO ANTONUCCI et al., Respondents, v EMECO INDUSTRIES, INC. Appellant. [636 NYS2d 495] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nicolai, J.), entered June 23, 1994 in Westchester County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Ugo Antonucci (hereinafter plaintiff) was injured when he attempted to sit in a chair at his employer's office. The chair, a swivel type with arms and wheels, flipped backward, causing plaintiff to fall and strike his head and shoulder on an adjacent shelf. Alleging that defendant designed and manufactured the chair, plaintiff and his wife commenced this action to recover damages based upon, *inter alia*, strict products liability and breach of warranty. After issue was joined defendant moved for summary judgment. The motion was denied, resulting in this appeal by defendant.

Defendant claims that it is entitled to summary judgment based upon plaintiff's inability to personally identify the manufacturer and/or the model number of the chair that caused his injury. In support of its claim, defendant points to plaintiff's examination before trial which reveals that plaintiff does not have any direct, first-hand knowledge of the identity of the manufacturer or the model number of the chair.

As the party seeking summary judgment, defendant had the initial burden of establishing its defense sufficiently to warrant an award of judgment in its favor as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The burden is not met by a conclusory denial of responsibility (*see, Vasquez v City of New York*, 210 AD2d 156); nor is the burden met by pointing to gaps in plaintiffs' proof (*see, Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615). Rather, a defendant must affirmatively demonstrate the merit of its defense " ' by tender of evidentiary proof in admissible form' " (*Zuckerman v City of New York, supra*, at 562, quoting *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068). In the case of a defendant who denies having manufactured an allegedly defective product, the burden is met when the defendant supports its summary judgment motion with affirmative evidence that it did not manufacture the product that caused the injury (*see, e.g., Kessler v Joe Hornstein, Inc.*, 207 AD2d 278; *Whelan v GTE Sylvania*, 182 AD2d 446).

Here, however, defendant submitted no affirmative evidence that it did not manufacture the chair that caused plaintiff's injury. Instead, defendant points to gaps in plaintiffs' case, contending that plaintiffs' evidence did not establish the identity of the manufacturer, which is insufficient to meet the burden imposed upon the party seeking summary judgment (*see, Christiana v Joyce Intl.*, 198 AD2d 690; *Larkin Trucking Co. v Lisbon Tire Mart, supra*). We also note that the record contains a copy of an order to show cause which directs plaintiff's employer to produce a certain swivel type desk chair "involved in an incident which occurred on [the date of plaintiff's injury]". The chair was apparently examined by representatives of both parties. Nevertheless, defendant's motion papers contain no evidence concerning the chair produced by plaintiff's employer. In particular, there is no evidence that defendant did not manufacture the chair; nor is there any evidence that the chair is not relevant to plaintiff's injuries. It is clear that defendant failed to establish its defense sufficiently to warrant judgment in its favor as a matter of law and, therefore, the sufficiency of plaintiffs' opposition papers is irrelevant (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Defendant contends in the alternative that it is entitled to summary judgment on the issue of a defect in the chair that caused plaintiff's injury. Again, however, defendant does not rely on affirmative proof that the chair had no defect when it left defendant's control, but instead points to the absence of any proof of a defect in the evidence collected by plaintiffs, which is insufficient to support a motion for summary judgment (*see, Van Patten v U.S. Truck Body Co.*, 176 AD2d 1095). In any event, the affidavit of defendant's expert establishes that most of the chairs manufactured by defendant prior to plaintiff's accident were equipped with a knob to adjust the tension of the back of the chair. According to the expert, the range of the adjustment was such that the tension could be decreased to the point where the chair could become unstable if someone sat in it quickly or leaned all the way back. Such evidence clearly demonstrates a design defect which posed a foreseeable risk of harm, which is sufficient to defeat defendant's motion for summary judgment even if the adjustment is viewed as a misuse of the product (*see, Johnson v Johnson Chem. Co.*, 183 AD2d 64, 69).

Supreme Court's order should be affirmed.

Mercure, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.