■ ROBERT E. CLARK, Respondent, v GLOBE BUSINESS FURNITURE, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. FAULTLESS CASTER CORPORATION, Now Known as ACCO BABCOCK, INC., Now Known as BABCOCK INDUSTRIES, INC., et al., Third-Party Defendants-Appellants. [655 NYS2d 184] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Best, J.), entered June 10, 1996 in Montgomery County, which, *inter alia*, denied motions by defendant and third-party defendants for summary judgment dismissing the complaint and the third-party complaints.

On October 9, 1986, while working as a data entry clerk for third-party defendant General Electric Company (hereinafter GE), plaintiff fell from an office chair and was injured. Plaintiff thereafter commenced this action against defendant, Globe

Business Furniture, Inc., which he contends manufactured the chair, seeking recovery for his injuries under theories of breach of warranty, strict products liability and negligence. Globe then commenced third-party actions for contribution or indemnification against third-party defendant Faultless Caster Corporation, which it asserts provided hardware for the chairs it manufactured, and GE, the alleged owner of the chair. Cross claims and counterclaims were interposed in the third-party actions, and after issue was joined therein Globe, Faultless and GE (hereinafter collectively referred to as defendants) each sought summary judgment dismissing, *inter alia*, plaintiff's complaint. These motions were denied and plaintiff's cross motion for permission to increase the ad damnum clause of the complaint and to add a derivative claim asserted by his spouse was granted, prompting this appeal by defendants.

Defendants' motions for summary judgment, which were based in large part upon their assertions that without the actual chair—which has not been located and is apparently unavailable—plaintiff will be unable to prove his case, were properly denied. That the chair is missing is not necessarily dispositive of plaintiff's claim, for the identity of its manufacturer, as well as the existence and nature of a defect, may be proven circumstantially (*see, Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601; *Otis v Bausch & Lomb*, 143 AD2d 649, 650). The same is true with respect to Globe's third-party claim, insofar as it is premised on component parts that may have been supplied by Faultless. Merely highlighting apparent gaps in its adversary's case does not entitle the moving party to summary judgment (*see, Antonucci v Emeco Indus.*, 223 AD2d 913, 914). To succeed, there must be affirmative evidentiary proof demonstrating the movant's right to judgment as a matter of law; until that condition is met, the strength of the opponent's proof is immaterial (*see, id.; Christiana v Joyce Intl.*, 198 AD2d 690, 691).

Moreover, even if the averment of Globe's quality assurance manager, to the effect that Globe has never manufactured a chair bearing the model number purportedly found on the subject chair, is deemed sufficient to show, prima facie, that it did not manufacture the chair, plaintiff's submissions—most notably, a photocopy of a sticker bearing Globe's logo and the disputed model number, along with affidavits establishing that the sticker was removed from the bottom of the chair in question shortly after the accident—raise questions of fact and credibility, rendering summary judgment inappropriate (*see, Otis v Bausch & Lomb, supra*, at 650; *compare, Kessler v Joe Hornstein, Inc.*, 207 AD2d 278, 279).

Nor do we find any basis for reversing Supreme Court's holding with respect to plaintiff's cross motion, to the extent it permitted the interposition of his wife's derivative claim. Defendants having failed to demonstrate any prejudice arising from the assertion of this new cause of action (insofar as it arises from the same events and is premised on the same injuries for which recovery was originally sought), other than that which can be alleviated by a brief adjournment for the purpose of completing the necessary discovery, Supreme Court did not abuse its discretion by allowing this portion of the requested amendment (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Perkins v New York State Elec. & Gas Corp.*, 91 AD2d 1121, 1122; *cf., Anderson v Carney*, 161 AD2d 1002, 1003; *Manti v New York City Tr. Auth.*, 146 AD2d 551, 552).

Plaintiff's application for permission to amend the ad damnum clause of his complaint was, however, improvidently granted. Although delay alone will not bar the granting of such a request (*see, Loomis v Corinno Constr. Corp.*, 54 NY2d 18, 23), when the increase is based on allegations of new or aggravated injuries and the connection between those new injuries and the events triggering liability is not undeniable, it is incumbent upon the moving party to supply medical proof of their nature, severity and causation (*see, Sulem v B.T.R. E. Greenbush*, 187 AD2d 816, 818; *Chimento v De Matteis Org.*, 157 AD2d 702, 702-703; *Briggs v New York City Tr. Auth.*, 132 AD2d 451). Inasmuch as plaintiff has proffered no competent evidence establishing that his 1992 stroke was causally related to his fall some six years earlier, and his request to increase the ad damnum clause was premised, to a large degree, upon that theory (*compare, Koupash v Grand Union Co.*, 34 AD2d 695), that aspect of the motion should have been denied, with leave to renew upon a proper evidentiary showing (*see, Sylvester v Stephens*, 148 AD2d 523, 524).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion seeking to increase the ad damnum clause of the complaint; cross motion denied to that extent, without prejudice to renewal upon a proper evidentiary showing; and, as so modified, affirmed.