■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA SIMPKINS, Appellant. [728 NYS2d 432] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered June 29, 1998, convicting defendant, after a nonjury trial, of assault in the second degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree, and sentencing her, as a second violent felony offender, to concurrent terms of 5 years, 1 year and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility (*see, People v Gaimari*, 176 NY 84, 94). The credible evidence, including evidence that defendant acted as the initial aggressor, and that defendant stabbed the adult victim in the back and provided beer to the child victim, clearly established the elements of each of the crimes of which defendant was convicted and disproved defendant's justification defense. Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.

■ JEREMY COMMISSO, Appellant, v ELIOT M. WOLF, D.P.M., et al., Respondents. [726 NYS2d 844] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about February 1, 2001, which, in an action to recover monies allegedly misdirected in derogation of an irrevocable directive, denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff's motion was properly denied on this record, which raises more questions than it answers (*see, Kudlack v Landmark Realty Co.*, 115 AD2d 842, 844), and leaves substantial room for doubt as to the merits of plaintiff's claim of entitlement to the funds at issue (*see, Millerman v Georgia Pac. Corp.*, 214 AD2d 362, 363). Even if we were to find reason to disregard all of the statements submitted by the nonparty former client of defendant law firm, the denial of summary judgment would still be proper, since plaintiff failed to sustain his initial burden of showing an absence of questions of fact (*see, Vasquez v City of New York*, 210 AD2d 156).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Ellerin, Buckley and Marlow, JJ.