■ MICHAEL LEWIS, Appellant, v DONALD BAKER et al., Defendants, and SEARS ROEBUCK AND COMPANY, INC., Respondent. (And a Third-Party Action.) SEARS ROEBUCK AND COMPANY, INC., Third-Party Plaintiff-Respondent, v PETER WORZMAN, Third-Party Defendant-Respondent. [767 NYS2d 109]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 1, 2002, which, in a products liability action, insofar as appealed from, granted the motion of defendant-respondent Sears for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Sears' evidence sufficiently establishes that the allegedly defective ladder was made of magnesium, that Sears no longer sold magnesium ladders at the time plaintiff's employer claimed to have purchased the ladder from Sears, and that the ladder in any event was a model type never sold by Sears. Such evidence consisted largely of the relevant pages of Sears catalogues, and the affidavit of the plant manager and chief engineer of the only manufacturer of magnesium ladders at the time plaintiff's employer claims to have purchased the ladder. This witness has personal knowledge of the design features of all of the manufacturer's ladders, and, based on measurements and photographs taken by Sears of parts of the ladder that plaintiff's employer did not discard, was competent to assert that the ladder was a model type never listed in a Sears catalogue. Against this, the only evidence offered by plaintiff to show that Sears sold the ladder to his employer were his employer's statements that he purchased the ladder from a Sears catalogue about 15 years before the accident. Unsupported by any objective evidence such as receipts, manuals or warranty information, the employer's statements do not raise a genuine issue of fact as to whether he purchased the ladder from Sears (*see Whelan v GTE Sylvania,*

182 AD2d 446 [1992]). In view of the foregoing, plaintiff's remaining claim that he was improperly sanctioned for his employer's spoliation of the ladder is academic. Concur— Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.