■ MARIE SPICONARDI et al., Respondents, v MACY'S EAST, INC., et al., Appellants. [923 NYS2d 28]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 25, 2010, which, insofar as appealed from, in this action for injuries sustained when the shirt that plaintiff was wearing caught on fire as she was cooking, denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Defendants, alleged seller and manufacturer of the subject garment, established their prima facie entitlement to judgment as matter of law. Defendant Liz Claiborne, Inc. demonstrated that the shirt was not contained in any of the product "line books" offered during the relevant time period and that the garment was not contained in Fabric Utilization Reports (FUR), which showed all garments manufactured and shipped to the subject store during the relevant time frame. Contrary to plaintiffs' position, the FUR may be considered, as it was not an existing business record subject to the motion court's discovery orders, but rather was a document created for litigation (*see Slavenburg Corp. v North Shore Equities*, 76 AD2d 769, 770 [1980]).

In opposition, plaintiffs failed to raise a triable issue of fact. Subjective statements about where a product was purchased are not sufficient to create a triable issue of fact where there is objective proof that a defendant did not sell the allegedly defective product (*see Whelan v GTE Sylvania*, 182 AD2d 446 [1992]).

In any event, defendants also established that the garment was reasonably safe. Indeed, defendants' expert tested an exemplar of the shirt pursuant to the federal regulations contained in 16 CFR part 1610, and found that both the "ignite time" and the "burn time" met or exceeded federal regulations, which was sufficient to satisfy defendants' burden on a motion for summary judgment (*cf. Boyle v City of New York*, 79 AD3d 664, 665 [2010]). The opinion of defendants' expert was sufficient in that it exhibited "a degree of confidence in his conclusions sufficient to satisfy accepted standards of reliability" (*Matott v Ward*, 48 NY2d 455, 459 [1979]).

Although mere compliance with minimum industry standards is, at most, some evidence to be considered and is not a shield to liability (*see Feiner v Calvin Klein, Ltd.*, 157 AD2d 501, 502 [1990]), the conclusory allegations raised by plaintiffs' expert, absent evidence that the product violated other relevant industry standards or accepted practices, or statistics showing the frequency of injuries arising out of the use of the product (*see Scivoletti v New York Mercantile Exch., Inc.*, 38 AD3d 326, 327 [2007], *lv denied* 9 NY3d 802 [2007]; *Cornwell v Otis El. Co.*, 275 AD2d 649 [2000]), were insufficient to create issues of fact warranting the denial of the motions. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 29 Misc 3d 1209(A), 2010 NY Slip Op 51765(U).]**