■ Sarah Palmatier, Plaintiff, v Mr. Heater Corporation et al., Appellants, and Star of India Fashions, Inc., et al., Respondent, et al., Defendants. [67 NYS3d 342]—

Rose, J. Appeals from an order and an amended order of the Supreme Court (Gilpatric, J.), entered December 13, 2016 in Ulster County, which, among other things, granted a motion by defendant Star of India Fashions, Inc. for summary judgment dismissing the complaint against it.

Plaintiff suffered burns when the dress and skirt she was wearing caught on fire as she stood next to an unvented propane heater. She commenced an action seeking damages for her injuries, alleging, as is relevant here, that the skirt was distributed by defendant Star of India Fashions, Inc. and the heater was manufactured, designed and/or distributed by defendants Mr. Heater Corporation, Enerco Group, Inc. and Trac-

---

tor Supply Company (hereinafter collectively referred to as the Enerco defendants). In their answer, the Enerco defendants asserted a cross claim for contribution against, among others, Star of India. Plaintiff commenced a second action against, among others, the retailers where she believed she may have purchased the skirt, and the two actions were then consolidated. Following discovery, Star of India moved for summary judgment dismissing both the complaint and any cross claims asserted against it, alleging that it did not distribute plaintiff's skirt and, even if it did, the skirt was reasonably safe. Supreme Court granted the motion, and the Enerco defendants now appeal.

We agree with the Enerco defendants that Star of India failed to meet its initial burden of establishing, as a matter of law, that it did not distribute plaintiff's skirt (*see Stokes v Komatsu Am. Corp.*, 117 AD3d 1152, 1154 [2014]; *Ebenezer Baptist Church v Little Giant Mfg. Co., Inc.*, 28 AD3d 1173, 1173-1174 [2006]; *Baum v Eco-Tec, Inc.*, 5 AD3d 842, 843-844 [2004]; *Antonucci v Emeco Indus.*, 223 AD2d 913, 914 [1996]). Here, Star of India's proof established that plaintiff's mother purchased the skirt for her in the spring of 2007 from one of several possible retailers, including defendant Macy's Inc., and that it had a label attached to it with Star of India's registration number and the word "Angie" written in a distinctive logo. Star of India admitted that "Angie" is one of its product lines and that, from 2004 to 2009, it distributed skirts with its registration number and the "Angie" logo on the label to several retail stores in New York, including Macy's.

Notwithstanding the foregoing admission, Star of India proffered the deposition testimony of Olivia Smith, its general manager, who opined that Star of India did not distribute plaintiff's skirt. In support of this claim, Smith produced a 2½-page printout of search results from Star of India's "In Transit" database. The database records all of the styles, fabrics, colors, quantities and intended retailers of the approximately three million items received by Star of India from its suppliers each year. According to Smith, the search results reflected on the printout conclusively established that Star of India did not distribute any skirts to Macy's New York stores in 2007. However, as we noted in a related appeal involving a disclosure issue between Star of India and the Enerco defendants (*Palmatier v Mr. Heater Corp.*, 156 AD3d 1167 [2017] [appeal No. 524050, decided herewith]), Smith was unable to identify who performed the search that gener- ated the printout

or what search terms were used to produce it.* Although Smith testified to certain differences between the label on plaintiff's skirt and the label on a known Star of India product, such as the thread color and stitching, Smith admitted that she was unaware if the standard label instructions that Star of India provides to its various factories specifies the thread color or whether there have been modifications to the instructions during her employment with Star of India. In light of the undisputed proof that plaintiff's skirt had Star of India's registration number and the "Angie" logo on the label, coupled with Smith's equivocal testimony, we find that Star of India failed to eliminate all triable issues of fact as to whether it distributed the skirt (*see Stokes v Komatsu Am. Corp.*, 117 AD3d at 1154-1155).

We similarly agree with the Enerco defendants that Star of India failed to meet its burden of establishing, as a matter of law, that the skirt was reasonably safe. Here, Star of India proffered an affidavit by an engineering expert who attended the flammability testing that was conducted on the skirt. According to the expert, the testing revealed that the skirt was in compliance with the minimum requirements of the applicable federal safety and flammability standards and, therefore, the skirt was reasonably safe. It is well-settled, however, that compliance with federal flammability requirements "is merely some evidence of due care and does not preclude a finding of negligence" (*Mercogliano v Sears, Roebuck & Co.*, 303 AD2d 566, 566 [2003]; *see Feiner v Calvin Klein, Ltd.*, 157 AD2d 501, 502 [1990]; *but see Spiconardi v Macy's E., Inc.*, 83 AD3d 472, 473 [2011]). In any event, we find that the Enerco defendants' competing expert affidavit raised a triable issue of fact as to whether the skirt was reasonably safe (*cf. Barclay v Techno-Design, Inc.*, 129 AD3d 1177, 1180 [2015]). Accordingly, we find that Supreme Court erred in granting Star of India's motion for summary judgment.

The parties' remaining contentions have been reviewed and found to be without merit.

Egan Jr., J.P., Mulvey and Rumsey, JJ., concur. Ordered that the order and the amended order are reversed, on the law, with costs, and motion denied.

---

* The Enerco defendants' assertion that Supreme Court erred in considering the printout because it constitutes inadmissible hearsay was not raised before Supreme Court and, therefore, is not properly before us (*see Plante v Hinton*, 271 AD2d 781, 783 [2000]).