■ SARAH PALMATIER, Plaintiff, v MR. HEATER CORPORATION et al., Appellants, and STAR OF INDIA FASHIONS, INC., et al., Respondents, et al., Defendants. [68 NYS3d 530]—

Rose, J. Appeals (1) from an order of the Supreme Court (Gilpatric, J.), entered December 21, 2015 in Ulster County, which, among other things, denied a motion by defendants Mr. Heater Corporation, Enerco Group, Inc. and Tractor Supply Company to compel certain disclosure, and (2) from an order of said court, entered May 11, 2016 in Ulster County, which, among other things, denied said defendants' motion for leave to serve an amended answer.

Plaintiff suffered burns in 2009 when the dress and skirt she was wearing caught on fire as she stood next to an unvented propane heater. She commenced an action in 2011 seeking damages for her injuries, alleging, as is relevant here, that the skirt was distributed by defendant Star of India Fashions, Inc. and the heater was manufactured, designed and/or distributed by defendants Mr. Heater Corporation, Enerco Group, Inc. and Tractor Supply Company (hereinafter collectively referred to as the Enerco defendants). In their answer, the Enerco defendants asserted cross claims for contribution against, among others, Star of India. In 2012, plaintiff commenced a second action against, as pertinent here, the retailers where she believed that she may have purchased the skirt and dress. Although the two actions were consolidated in 2013, the Enerco defendants did not file a new answer asserting cross claims against the retailers.

During discovery, and after a series of depositions, the Enerco defendants demanded that Star of India produce an electronic copy of its "In Transit" database (hereinafter the database), which is a record of all of the styles, fabrics, colors, quantities and intended retailers of the items received by Star of India from its suppliers. When Star of India failed to comply, the Enerco defendants moved to compel disclosure of the entire contents of the database or, at least, its entire contents for the years 2004 to 2009. Star of India opposed the motion and cross-moved for a protective order. Ultimately, Supreme Court denied the Enerco defendants' motion and granted Star of India's cross motion. In 2016, the Enerco defendants also moved for leave to amend their answer to assert a cross claim for contribution against certain defendants who were named in the second complaint, including the retailers. Supreme Court denied that

motion as well. The Enerco defendants now appeal from both orders.*

Turning first to the motion to compel, the Enerco defendants allege that the contents of the database will provide evidence as to whether Star of India distributed plaintiff's skirt and, thus, are material and necessary to the prosecution of their cross claim. We agree. CPLR 3101 mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]; *Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954 [1998]). "The words 'material and necessary' as used in [CPLR] 3101 must 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *accord Hayes v Bette & Cring, LLC*, 135 AD3d 1058, 1059 [2016]). "The test, quite simply, is one of 'usefulness and reason' " (*Mitchell v Stuart*, 293 AD2d 905, 906 [2002], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d at 746).

Plaintiff alleged that her mother purchased the skirt for her in the spring of 2007 from one of several possible retailers, including defendant Macy's Inc., and that it had a label attached to it with Star of India's registration number and the word "Angie" written in a distinctive logo. Star of India admitted that "Angie" is one of its product lines and that, from 2004 to 2009, it distributed skirts with its registration number and the "Angie" logo on the label to several retail stores in New York, including Macy's. However, at the deposition of Olivia Smith, Star of India's general manager, Smith stated that Star of India did not distribute plaintiff's skirt and that she had reached this conclusion based upon a search of the database. To support these assertions, Smith produced a 2 1/2-page printout of search results from the database that purportedly reflects the skirts distributed to Macy's New York stores from 2006 to 2009. However, Smith was unable to identify who performed the search that generated the printout or what search terms were used to produce the results that led her to conclude that Star of India did not distribute plaintiff's skirt to Macy's.

---

* Supreme Court subsequently granted Star of India's motion for summary judgment dismissing the complaint and the cross claim asserted against it by the Enerco defendants (*Palmatier v Mr. Heater Corp.*, 156 AD3d 1178 [2017] [appeal No. 524731, decided herewith]).

In light of the presence of the "Angie" label on plaintiff's skirt, the Enerco defendants do not rely on mere speculation for their discovery demand. Based upon this, together with the fact that the search results are entirely dependent upon the search terms that are used and that Smith was unable to explain how the results she relied upon were generated, we find that the complete contents of the database from 2004 to 2009 "may be fairly characterized as useful and reasonable" (*Mitchell v Stuart*, 293 AD2d at 906; *see generally Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406-408). Furthermore, our review of the record does not suggest that disclosure of the contents of the database for this specific period would be unnecessarily onerous or impose any special burden on Star of India (*see Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d at 954). Accordingly, we find that Supreme Court erred by denying the Enerco defendants' motion to the extent that it sought to compel disclosure of the contents of the database for the limited period of 2004 to 2009.

Turning to the Enerco defendants' motion for leave to amend their answer, it is well settled that, "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see* CPLR 3025 [b]; *LaLima v Consolidated Edison Co. of N.Y., Inc.*, 151 AD3d 832, 834 [2017]). In considering prejudice or surprise, the court may also take into account "how long the party seeking the amendment was aware of the facts upon which the motion was predicated and whether a reasonable excuse for the delay was offered" (*Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640 [2015] [internal quotation marks, brackets and citation omitted]; *accord Civil Serv. Empls. Assn. v County of Nassau*, 144 AD3d 1077, 1078 [2016]; *see e.g. Miranda v Riverdale Manor Home for Adults*, 142 AD3d 813, 814 [2016]).

The Enerco defendants asserted that their 2½-year delay in moving for leave to amend their answer was due to the fact that they were operating "under the incorrect assumption that they had asserted cross claims against every co-defendant." This proffered excuse, however, is belied by the affidavit of Amy Weissman, an attorney for one of the codefendants. The Weissman affidavit makes clear that the Enerco defendants induced the other defense attorneys in the second action not to ask questions at the deposition of the Enerco defendants' witnesses based on the explicit representation by counsel for the Enerco defendants that they had no cross claims against those

codefendants. Thus, we view the proffered excuse to be disingenuous.

The Enerco defendants do not refute the allegations set forth in Weissman's affidavit. Instead, they now assert that they never told the other defense attorneys that they would not, in the future, seek contribution from their clients and, thus, the Enerco defendants argue that these defendants cannot legitimately claim prejudice. We disagree. These defendants have relied upon the Enerco defendants' representation to their prejudice by forgoing questioning of the Enerco defendants' witnesses, and they have been hindered in the preparation of their case (see *Thibeault v Palma*, 266 AD2d 616, 617 [1999]; *compare Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]; *Crawford v Burkey*, 93 AD3d 1134, 1135 [2012]). Accordingly, we find the Enerco defendants' claim that there is no prejudice or surprise to be unavailing.

The parties' remaining contentions have been reviewed and determined to be lacking in merit.

Egan Jr., J.P., Mulvey and Rumsey, JJ., concur. Ordered that the order entered December 21, 2015 is modified, on the law, without costs, by reversing so much thereof as (1) denied the motion by defendants Mr. Heater Corporation, Enerco Group, Inc. and Tractor Supply Company to compel disclosure of the "In Transit" database of defendant Star of India Fashions, Inc. for the years 2004 to 2009 and (2) granted the cross motion by Star of India Fashions, Inc. for a protective order; motion granted to said extent and cross motion denied; and, as so modified, affirmed. Ordered that the order entered May 11, 2016 is affirmed, without costs.