Palmatier v Mr. Heater Corp. (2018 NY Slip Op 02382)





Palmatier v Mr. Heater Corp.


2018 NY Slip Op 02382


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524732

[*1]SARAH PALMATIER, Plaintiff,
v
MR. HEATER CORPORATION et al., Appellants, and MACY'S, INC., et al., Respondents, et al., Defendants.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Edward D. Laird Jr. of counsel), for appellants.
Lester Schwab Katz & Dwyer, LLP, New York City (Paul M. Tarr of counsel), for Macy's, Inc. and others, respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeals from an order and an amended order of the Supreme Court (Gilpatric, J.), entered November 9, 2016 and December 13, 2016 in Ulster County, which, among other things, granted certain defendants' motion for summary judgment dismissing the complaint against them.
The facts are set forth in more detail in three prior related appeals (___ AD3d ___, 2018 NY Slip Op 01368 [2018]; 156
AD3d 1178 [2017]; 156 AD3d 1167 [2017]). Briefly, plaintiff commenced two separate actions, which were later consolidated, for alleged personal injuries sustained after the dress and skirt she was wearing caught on fire as she was standing next to a heater. As pertinent here, plaintiff alleged that the skirt was distributed by defendant Star of India and that the heater was manufactured, designed and/or distributed by defendants Mr. Heater Corporation, Enerco Group, Inc. and Tractor Supply Company (hereinafter collectively referred to as the Enerco defendants). Following joinder of issue and discovery, defendants Macy's, Inc., Macy's East, LLC, Macy's East, Inc., Macy's Corporate Services, Inc., Macy's Merchandising Corporation and Macy's Merchandising Group, Inc. (hereinafter collectively referred to as the Macy defendants), who [*2]plaintiff alleged sold the skirt at issue, moved for summary judgment on the basis that plaintiff could not identify from what store she purchased the skirt and, even if so, the skirt was not defectively designed or required a warning. The Enerco defendants opposed the motion. Supreme Court granted the Macy defendants' motion for summary judgment, prompting these appeals by the Enerco defendants. We reverse.
The Macy defendants failed to meet their initial burden of establishing that they did not sell the skirt at issue (see Clark v Globe Bus. Furniture, 237 AD2d 846, 847 [1997]; see generally Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601-602 [1996]). The Macy defendants correctly note that neither plaintiff nor her mother could identify the specific store from which the skirt was purchased. Merely pointing to gaps in plaintiff's proof, however, does not suffice for the Macy defendants to meet their threshold burden (see Clark v Globe Bus. Furniture, 237 AD2d at 847; Antonucci v Emeco Indus., 223 AD2d 913, 915 [1996]; George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]).
Furthermore, plaintiff testified that the skirt had an "Angie" label on it. Although a product director employed by the Macy defendants, who was previously a buyer, testified that she purchased Angie-labeled skirts from Star of India and that the Macy defendants sold skirts that were purchased from Star of India, her testimony was equivocal as to whether the type of skirt at issue was ever sold by the Macy defendants. In view of
the foregoing evidence, the Macy defendants failed to eliminate all triable issues of fact as to whether they sold the skirt and, therefore, their motion should have been denied regardless of the sufficiency of the Enerco defendants' opposition (see Stokes v Komatsu Am. Corp., 117 AD3d 1152, 1154-1155 [2014]; Christiana v Joyce Intl., 198 AD2d 690, 691 [1993]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).[FN1]
Finally, for reasons stated in Palmatier v Mr. Heater Corp. (156 AD3d 1178, 1180 [2017], supra), whether the skirt was reasonably safe must be decided by the trier of fact. Additionally, in light of our determination, we reject the Macy defendants' request for sanctions. The parties' remaining contentions, to the extent not specifically discussed herein, have been considered and lack merit.
Egan Jr., J.P., Mulvey and Rumsey, JJ., concur.
ORDERED that the order and the amended order are reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: Even if the Macy defendants had carried their burden, the Enerco defendants tendered sufficient proof to raise a triable issue of fact as to whether the Macy defendants sold the skirt (see Raymond v DiStefano, 222 AD2d 810, 811 [1995]).