P.C. v L.C. (2023 NY Slip Op 51439(U))

[*1]

P.C. v L.C.

2023 NY Slip Op 51439(U)

Decided on December 26, 2023

Supreme Court, Warren County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 26, 2023
Supreme Court, Warren County

P.C., Plaintiff,

against
L.C., C.R., H.C. and 175 CANADA STREET, LLC, Defendants.

Index No. EF2019-67433

Bartlett, Pontiff, Stewart & Rhodes, P.C., Glens Falls (Paula Nadeau Berube of counsel), for plaintiff. 
L.C., pro se. 
McPhillips, Fitzgerald & Cullum LLP, Glens Falls (Eric C. Schwenker of counsel), for defendants C.R. and H.C. 
Ludemann & Associates, P.C., Glens Falls (Matthew R. Ludemann of counsel), for defendant 175 Canada Street, LLC. 

Robert J. Muller, J.

Plaintiff and defendant L.C. (hereinafter defendant) were previously embroiled in a bitter divorce battle, which culminated in a non-jury trial on February 19 and 20, 2019. A Decision, Order and Judgment was then issued on June 25, 2019, with the Court finding, inter alia, that defendant's 10 shares of stock in defendant 175 Canada Street, LLC (hereinafter 175 Canada Street) were marital assets and, further, that defendant's transfer of 8 of these shares to the parties' daughters, defendants C.R. and H.C. (hereinafter the daughters) — after commencement of the action and with no consideration — violated the automatic orders set forth in Domestic Relations Law § 236 (B) (2). The Court further found that the transfer could not be set aside, however, because it was without jurisdiction over the daughters. As a result, plaintiff was granted a distributive award of $182,600.05, which represented one half the value of the shares. The Court also granted plaintiff a distributive award of $62,500.00, which represented one half the value of the sale of D'Gino's Corporation, another marital asset; retroactive maintenance in the amount of $12,048.57; and prospective maintenance in the amount of $2,116.89 per month for a period of 10 years from the date of entry of the Judgment of Divorce, which was entered on September 5, 2019. According to plaintiff, defendant has not paid any of the distributive award, [*2]nor any of the retroactive or permanent maintenance awards. 
On November 5, 2019, plaintiff commenced this action to set aside the transfer of the 8 shares of stock in 175 Canada Street to the daughters and, further, to obtain ownership and/or liquidation of these shares of stock so as to satisfy all or a part of the monies she was awarded. Issued was subsequently joined and discovery completed, with a non-jury trial scheduled for October 4, 2021.[FN1]
On July 30, 2021, counsel for plaintiff — Paula Nadeau Berube, Esq. — sent an email to counsel for 175 Canada Street — Matthew R. Ludemann, Esq. — and counsel for the daughters — Eric C. Schwenker, Esq. — stating as follows:
"Gentlemen — My client has authorized me to discontinue the . . . action if [defendant] signs over his [2] shares to my client. Please use whatever pressure you have in your arsenal to make this happen. Please do not hesitate to contact me with any questions."
On September 20, 2021, Attorney Ludemann sent an email to Attorney Berube stating as follows:
"I am preparing the new [c]ertificate . . . reflecting [2] shares [of 175 Canada Street] in your client's name. The LLC manager needs to sign the certificate. Once that has been done I will let you know."
Attorney Ludemann's office then emailed the certificate to Attorney Berube later that day, with a handwritten statement across the top reading "transfer is restricted by [a]greement dated May 8, 2017."[FN2]

Plaintiff thereafter declined to discontinue the action, contending that she "did not know nor agree that there would be any restrictions on the shares of stock . . . ." Presently before the Court is the daughters' motion for an Order under CPLR 2104 enforcing plaintiff's agreement to discontinue the action or, alternatively, for an Order under CPLR 3025 (b) authorizing them to amend their answer to include counterclaims for breach of contract, executory accord, accord and satisfaction, promissory estoppel, waiver, and release.
Turning first to that aspect of the motion which seeks to enforce plaintiff's agreement to discontinue the action, CPLR 2104 which provides that "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney . . . ." According to the daughters, plaintiff's agreement to discontinue the action upon receipt of defendant's 2 shares of 175 Canada Street must be enforced under CPLR 2104, as the agreement is set forth in writing in an email bearing Attorney Berube's electronic signature.
The Court finds this contention to be without merit. CPLR 2014 presupposes the existence of an agreement, which requires "a meeting of the minds, such that there is a manifestation of mutual assent sufficiently definite to assure that the parties . . . truly [concur] with respect to all material terms" (Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016] [internal quotation marks and citations omitted]; accord Harris v Schreibman, 200 [*3]AD3d 1117, 1124-1125 [3d Dept 2021]). Here, there was no meeting of the minds. While plaintiff apparently envisioned an unrestricted transfer of the shares, the certificate provided transferred the shares subject to a certain May 8, 2017 agreement. It must also be noted that, while Attorney Ludemann responded to Attorney Berube's email, there was no response whatsoever from Attorney Schwenker. 
To the extent that the daughters contend that Attorney Schwenker apprised them of Attorney Berube's email and they "reach[ed] out to [their] father to encourage . . . him to transfer his [2] remaining shares to [their] mother" in reliance on the agreement set forth therein, the Court finds this contention to be unavailing. In this regard, plaintiff filed a motion by Order to Show Cause in the divorce action on July 20, 2021 seeking to hold defendant in contempt as a result of his failure to pay the distributive and maintenance awards, which motion was returnable on August 20, 2021. Defendant further sought, inter alia, "an Order pursuant to Domestic Relations Law § 233 ordering sequestration of the [2] shares of stock in the name of . . . 175 Canada Street, . . . with . . . plaintiff being named as the receiver thereof, and [plaintiff being[ allow[ed] to liquidate said shares of stock to apply toward the . . . arrears owed . . . ." The motion was subsequently granted in part by an Order issued on consent on September 27, 2021 which directed, inter alia, that a money judgment be entered against defendant and in favor of plaintiff in the amount of $51,486.46 and that defendant transfer his remaining 2 shares in 175 Canada Street to plaintiff. It is thus evident that defendant had to transfer the shares irrespective of whether his daughters "encourage[d]" him to do so.
Under the circumstances, the Court denies that aspect of the daughters' motion seeking an Order under CPLR 2104 enforcing plaintiff's agreement to discontinue the action.
The Court further denies the latter aspect of the motion wherein the daughters seek to amend their answer. At the outset, insofar as there was no meeting of the minds and defendant had to transfer his 2 shares in 175 Canada Street to plaintiff in any event under the terms of the September 27, 2021 Order, the proposed counterclaims appear to be devoid of merit (see Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1446 [3d Dept 2018]; Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1265-1266 [3d Dept 2018]; Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169 [3d Dept 2017]; NYAHSA Servs., Inc., Self—Ins. Trust v People Care Inc., 156 AD3d 99, 102 [3d Dept 2017]). It must also be noted that CPLR 3025 (b) requires that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made" and, here, a proposed amended answer was not submitted. 
Based upon the foregoing, the daughters' motion is denied in its entirety.
Counsel for the parties are hereby directed to appear for a conference on January 18, 2024 at 10:00 A.M. at the Warren County Courthouse to select a new date for the non-jury trial.Therefore, having considered NYSCEF document Nos. 105 through 113,[FN3]
it is hereby 
ORDERED that the motion of defendants C.R. and H.C. is denied in its entirety; and it is further
ORDERED that counsel for the parties shall appear for a conference on January 18, 2024 at 10:00 A.M. at the Warren County Courthouse to select a new date for the non-jury trial.
The original of this Decision and Order has been e-filed by the Court. Counsel for plaintiff is hereby directed to serve with notice of entry.
Dated: December 26, 2023
Lake George, NY
HON. ROBERT J. MULLER, J.S.C.
ENTER:

Footnotes

Footnote 1: While defendant sent correspondence to the Court on December 26, 2019 in answer to the complaint and in opposition to a motion for a preliminary injunction filed by plaintiff simultaneous with the complaint, he has not otherwise appeared in this action.

Footnote 2: This agreement is not in the record and, as such, it is unclear what restrictions are included.

Footnote 3: Several conferences were held to discuss this motion, as well as other issues that have arisen in the case. During a November 11, 2022 conference, Attorney Berube stated on the record that plaintiff wished to discontinue the action as against her daughters, but continue it as against defendant. By correspondence dated September 8, 2023, Attorney Schwenker requested that "the transcript of [this] conference . . . act as a supplement" to the daughters' pending motion. The Court declines this request, however, noting that the parties were invited to submit a "carefully worded stipulation of discontinuance" at the conclusion of the conference and, to date, this stipulation has not been received.