■ GORDON FRISBEE, JR., et al., Appellants, v CATHEDRAL CORPORATION, Defendant, and COLUMBIA CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant. NEWARK GROUP, Doing Business as BENNINGTON PAPERBOARD COMPANY, Third-Party Defendant-Respondent. [725 NYS2d 129] —Lahtinen, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 1, 2000 in Rensselaer County, which, *inter alia*, granted defendant Columbia Corporation's motion for summary judgment dismissing the complaint against it and granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

In November 1995 plaintiff Gordon Frisbee, Jr. (hereinafter plaintiff), an employee of third-party defendant, Newark Group, was seriously injured at Newark's manufacturing plant in Rensselaer County when his arm entered the "nip point" or juncture of two counter rotating rollers on the machine he was operating. Newark purchased the paper manufacturing plant, including the machine that plaintiff was operating, from defendant Columbia Corporation which had purchased these assets from defendant Cathedral Corporation in 1989. In October 1998, plaintiff and his wife, derivatively, commenced this action against Columbia and Cathedral alleging that they failed to maintain the machine in a safe manner. Columbia then commenced a third-party action against Newark, seeking common-law and contractual indemnification.

Upon completion of discovery, Columbia moved for summary judgment seeking dismissal of the complaint, claiming that as a casual seller of the machine, it was not liable for any readily discernible defects in the machine such as the "nip point" where plaintiff was injured. Newark cross-moved for summary judgment seeking dismissal of the third-party complaint pursuant to Workers' Compensation Law § 11 and, in response to that

motion, Columbia sought a judicial declaration that plaintiff's injury was a "grave injury."

Supreme Court determined that Columbia was a casual seller and thus only had a duty to warn the purchaser of known defects which were not obvious or apparent (*see, Gebo v Black Clawson Co.*, 92 NY2d 387, 393), rejected plaintiffs' claim that the defect was actually the dangerous method employed by Columbia's (then Newark's) machine operators in threading the paper on the machine when a safer method existed, and dismissed the complaint against Columbia* Supreme Court also determined that plaintiff had not suffered a "grave injury" as defined in Workers' Compensation Law § 11, and it therefore dismissed the third-party complaint. Plaintiffs now appeal from that part of the order as dismissed their complaint against Columbia, and Columbia appeals from that part of the order as dismissed its third-party complaint seeking indemnification from Newark.

Plaintiffs concede that Columbia was a casual seller of the machine on which plaintiff was injured and, therefore, Columbia would only be liable for a failure to disclose a known defect which was not open and obvious (*see, Gebo v Black Clawson Co., supra*, at 393; *Sukljian v Ross & Son Co.*, 69 NY2d 89, 97), as there is no duty to warn a product user of "obvious risks and dangers that could or should have been 'recognized as a matter of common sense' " (*Schriber v Melroe Co.*, 273 AD2d 650, 652-653, quoting *Pigliavento v Tyler Equip. Corp.*, 248 AD2d 840, 842, *lv dismissed and denied* 92 NY2d 868).

The proof in the record belies plaintiffs' claim that the dangerous condition or defect which existed on the machine was anything other than the open and obvious danger of placing one's hand near an operating gear (*see, Scardefield v Telsmith, Inc.*, 267 AD2d 560, 563, *lv denied* 94 NY2d 761). Both Columbia's and Newark's management and employees, most of whom, including plaintiff, worked for both employers, were well aware of the specific danger posed by the machine as it was a topic of discussion at plant safety meetings and employee union meetings. The defect or dangerous condition here being open and obvious, Columbia was entitled to summary judgment dismissing plaintiffs' complaint sounding in negligence (*see, e.g., Liriano v Hobart Corp.*, 92 NY2d 232, 241).

Lastly, having determined that Columbia is entitled to summary judgment dismissing the complaint, the issue raised by Columbia's appeal of Supreme Court's dismissal of its third-

---

* The action against Cathedral was discontinued by plaintiffs.

party complaint seeking indemnification from plaintiff's employer is academic.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.