■ DARLENE M. BLANDIN, as Administrator of the Estate of DAWSON E. BLANDIN, Respondent, v MARATHON EQUIPMENT COMPANY, Appellant. (And a Third-Party Action.) [780 NYS2d 190]—

---

Spain, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered August 7, 2003 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

On October 10, 1997, Dawson E. Blandin (hereinafter decedent), an employee of third-party defendant, Northern Sanitation, Inc. was killed when he fell from a service platform into a waste compaction baler and was crushed. The platform—to which decedent climbed, presumably, to clear a jam—provided access by a set of stairs to the top of the baler, where a conveyor belt dropped material into the baler's charging chamber to be compacted. The stairs, platform and conveyor belt had been installed by Northern and were not part of the baler, which had been manufactured and sold by defendant. The conveyor belt and the baler were connected to the same electrical panel, but each machine could be operated separately. Decedent had shut off the conveyor belt prior to climbing to the platform, but had not deactivated the baler itself. The charging chamber was set to automatically activate when it detected a full load and it appears that decedent triggered the cycle when he fell.

Plaintiff, decedent's wife and the administrator of his estate, commenced this action against defendant, the manufacturer of the baler, alleging that the baler had been defectively and negligently designed in that it lacked adequate safety precautions, and that defendant failed to warn of those defects. Defendant then commenced a third-party action against Northern. Defendant moved for summary judgment against plaintiff, and Supreme Court denied defendant's motion. Defendant appeals.

We affirm. Preliminarily, we reject defendant's assertions that Supreme Court abused its discretion in permitting engineer Ernest Gailor to render expert testimony on behalf of plaintiff (*see Martin v State of New York,* 305 AD2d 784, 786 [2003], *lv denied* 100 NY2d 512 [2003]; *People v Hanright,* 187 AD2d 1021, 1021 [1992], *lv denied* 81 NY2d 840 [1993]). Gailor specializes in workplace safety compliance, has training in mechanical design and inspection, and personally inspected the baler at issue here. Under these circumstances, we cannot say that Supreme Court erred in concluding that Gailor was qualified to render an opinion on the safety of the baler as designed (*see Matott v Ward,* 48 NY2d 455, 459 [1979]; *cf. Merritt v Raven Co.,* 271 AD2d 859, 861-862 [2000]; *Fallon v Hannay & Son,* 153 AD2d 95, 101-102 [1989]).

Where, as here, products liability and negligence claims are premised on a product's defective design, it must be established that the marketed product in question was designed in such a way that it is not reasonably safe and that the alleged design defect was a substantial factor in causing the decedent's injuries (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]; *McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 934 [2002]). "A cause of action for negligent design additionally requires proof that the manufacturer acted unreasonably in designing the product" (*McArdle v Navistar Intl. Corp., supra* at 934 [citation omitted]). Indeed, in design defect cases very little difference exists between prima facie cases in negligence and in strict liability, and a finding of questions of fact with regard to one "inevitably raises material questions of fact" as to the other (*Searle v Suburban Propane Div. of Quantum Chem. Corp.*, 263 AD2d 335, 337-338 [2000]).

Assuming without deciding that defendant presented a prima facie case for summary judgment, we note that Gailor pointed out that there was no evidence of any warnings existing near the opening at the top of the baler and that the baler's safety features only prevented injury to people at ground level. Gailor also opined that a recessed fail safe switch or other safety device could have been placed in the charging chamber and that the absence of such a device, given the foreseeability of an accident such as decedent's, constituted a design defect.* Viewing the evidence in the light most favorable to plaintiff (*see Fortin v Hill & Markes*, 2 AD3d 934, 936 [2003]), questions of fact have been raised as to whether the baler was reasonably safe and whether the allegedly defective design was a substantial factor in decedent's death.

Nor do we agree that defendant was entitled to summary judgment based on its argument that decedent's injuries were caused by Northern's substantial modification of the baler by adding stairs and a service platform near the opening to the charging chamber. Generally speaking, "[s]ubstantial modifications of a product from its original condition by a third party which render a safe product defective are not the responsibility of the manufacturer" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479 [1980]). Here, however, the use of a service platform was not only contemplated by defendant, but

---

* We note that, "if the defendant's negligence and unsafe design can be shown to be a substantial cause of the events which produced the injury," the existence of another proximate cause of the accident in addition to defendant's defective design does not excuse defendant from liability (*Bush v Lamb-Grays Harbor Co.*, 246 AD2d 768, 771 [1998]).

was actually encouraged—the baler's operations manual specifically instructs maintenance workers to "use a service platform" when checking the baler's operation. Given that and Gailor's observation that the baler was essentially the same as when it was manufactured, a question of fact exists as to whether the addition of the platform was a substantial modification of the baler (*see id.* at 479; *Hart v Bruno Mach. Corp.*, 250 AD2d 58, 61-62 [1998]).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.