■ JASON S. MCCARTHY et al., Appellants, v ROBERT CHECCHIN, Individually and Doing Business as ABR TOOL & DIE, et al., Respondents. [806 NYS2d 751]—

Carpinello, J. Appeal from an order of the Supreme Court (Ryan, J.), entered August 6, 2004 in Clinton County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Jason S. McCarthy (hereinafter plaintiff) was injured during the course of his employment with North American Door Corporation when his arm became caught in a roll press machine while he was cleaning it. It is undisputed that plaintiff, at the instruction of his supervisor, was cleaning the machine while the rollers were operating. The primary issue in this case is whether defendants can be subject to a strict product liability claim arising out of the manufacture and sale of this machine. The record reveals the following pertinent facts on this issue.

Defendant Robert Checchin is in the business of creating molds for the production of metal products. About one third of his business is with defendant Ali Porte, Inc., a Canadian company which manufactures steel doors and frames. In 1992 or 1993, Ali Porte was in the process of opening a similar manufacturing facility in this state, namely, North American Door. In the course of setting up this new facility, Ali Porte needed to furnish it with the same machinery as in its Canadian facility, including a roll press. Attempts to purchase another roll press, however, proved futile. Thus, Ali Porte approached Checchin and asked if he could replicate the roll press machine in use at the Canadian plant.

Although he had never built any type of machinery in the past, Checchin observed the roll press, felt he was up to the task and ultimately replicated it. Ali Porte had little to no involvement in this task. Once built, the new roll press was tested at the Ali Porte plant for two weeks and then delivered to the North American Door plant for its opening. Although Checchin's company billed North American Door $25,000 for the roll press, it appears that Ali Porte might have ultimately

been responsible for its cost. It is undisputed that Checchin had never built or manufactured any other piece of machinery before this isolated task nor has he done so since.

Given these facts, we are satisfied that both Checchin (or his company) and Ali Porte were casual manufacturers and/or sellers of the subject roll press machine such that they are insulated from products liability (*see Sprung v MTR Ravensburg*, 99 NY2d 468 [2003]; *Gebo v Black Clawson Co.*, 92 NY2d 387 [1998]; *Sukljian v Ross & Son Co.*, 69 NY2d 89 [1986]). The subject machine was not manufactured as part of the ordinary course of either entity's business. Otherwise stated, neither entity was in the regular business of manufacturing or selling roll press machines, or any other type of machinery, and thus the policy considerations that have been advanced to justify the imposition of strict liability do not apply to this one-time fabrication (*see Stiles v Batavia Atomic Horseshoes*, 81 NY2d 950, 951 [1993]; *compare Sprung v MTR Ravensburg, supra*).

Next, noting that "the duty of a casual or occasional seller [or manufacturer] would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible" (*Sukljian v Ross & Son Co., supra* at 97; *see Gebo v Black Clawson Co., supra* at 393), we are likewise satisfied that the defect at issue was obvious and readily discernable such that the negligence cause of action was also properly dismissed. The danger posed by cleaning moving rollers without a safety guard is manifest (*see Frisbee v Cathedral Corp.*, 283 AD2d 806 [2001]).

To the extent not discussed, plaintiffs' remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.