HAROLD HALL et al., Respondents, v HUSKY FARM EQUIP-MENT, LTD., Formerly Known as GROSE WELDING, LTD., et al., Appellants. (And a Third-Party Action.) [939 NYS2d 604]—

Kavanagh, J.

Plaintiff Harold Hall (hereinafter plaintiff) was employed since 1991 as a laborer by third-party defendant, Langdonhurst Farms, LLC, and his responsibilities included the emptying of the farm's manure pit. The pit was 31 feet by 51 feet and 8 feet deep, and was surrounded by a fence. A hydraulic liquid manure pump manufactured by defendant Husky Farm Equipment, Ltd. was permanently affixed to the side of the pit and was used by plaintiff to empty it. On December 20, 2007, plaintiff was directed to empty the pit and he went inside the fence to remove ice that had accumulated around the pump's hydraulic agitator. He shut off the pump but, as instructed, left the agitator running to facilitate the removal of the ice. While plaintiff was in the process of removing ice, he fell into the pit and his right hand was severed when his arm was drawn into the hydraulic agitator.* Plaintiff and his wife, derivatively, commenced this action alleging, among other things, claims of strict liability and negligence for the alleged defective design and manufacture of the pump, failure to warn of latent defects that existed when using it, and breach of the pump's warranty. After Supreme Court denied defendants' motion for summary judgment dismissing the complaint, this appeal by defendants ensued.

" 'In order to establish a prima facie case in strict products liability for design defects, the plaintiff must show that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff's injury' " (*Adams v Genie Indus., Inc.*, 14 NY3d 535, 542 [2010], quoting *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]). "A 'defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unrea-

---

* Plaintiff does not recall what caused him to fall into the pit. Initially, he stated that he fell while trying to dislodge ice from the agitator, but also indicated that he may have slipped while standing near the edge of the pit.

sonably dangerous for its intended use' " (*Yun Tung Chow v Reckitt & Colman, Inc.*, 17 NY3d 29, 33 [2011], quoting *Voss v Black & Decker Mfg. Co.*, 59 NY2d at 107). In determining whether a product has been defectively designed, a risk-utility analysis is performed and the factors to be considered are "(1) the product's utility to the public as a whole, (2) its utility to the individual user, (3) the likelihood that the product will cause injury, (4) the availability of a safer design, (5) the possibility of designing and manufacturing the product so that it is safer but remains functional and reasonably priced, (6) the degree of awareness of the product's potential danger that can reasonably be attributed to the injured user, and (7) the manufacturer's ability to spread the cost of any safety-related design changes" (*Denny v Ford Motor Co.*, 87 NY2d 248, 257 [1995]).

Defendants, in support of their motion for summary judgment, offered an opinion of a licensed professional engineer with extensive experience in the agriculture industry who inspected the manure pit and evaluated the design as well as the manufacture of the manure pump. This expert explained that the pump is designed for a limited market of agricultural based consumers and, as manufactured, complied with all relevant American National Standard Institute standards. He found that the pump "was reasonably safe for its intended use and performed as intended" and was "appropriately guarded and provided with adequate warnings and instructions," and he did not know of any other individuals being injured by coming into contact with it. The expert concluded that there was "no defect" in the pump's design or manufacture, and it was the responsibility of plaintiff's employer, as the end user of this product to provide fencing around the manure pit to insure that the pump was enclosed while in operation.

In response, plaintiffs offered the opinion of a New York State licensed engineer with industrial and agricultural accident reconstruction experience who found that the pump's design was defective because the hydraulic agitator was not covered by a steel mesh guard. The expert offered a proposed design of a guard that could be installed on the agitator that measured four feet in diameter and contained 8 inch by 10 inch openings through which waste from the manure pit could flow. The expert claimed that had this guard been in place, it would have prevented the injury that plaintiff sustained in this accident. While defendants' expert argued that such a guard was not functional and would create safety concerns in connection with the pump's operation, his opinion, as well as his evaluation of plaintiffs' expert's design, simply served to create factual issues

that must be resolved at trial (*see Steuhl v Home Therapy Equip., Inc.*, 51 AD3d 1101, 1104 [2008]). Given that plaintiffs have presented evidence that the pump "as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner" (*Stalker v Goodyear Tire & Rubber Co.*, 60 AD3d 1173, 1175 [2009] [internal quotation marks and citations omitted]), defendants' motion for summary judgment seeking dismissal of plaintiffs' claim that the pump was defectively designed was properly denied.

Plaintiffs also claim that the pump as manufactured was defective and "did not perform as intended" (*Fitzpatrick v Currie*, 52 AD3d 1089, 1090 [2008]; *see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d at 110; *Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1324 [2008]). Specifically, they argue that fencing around the manure pit was substandard and, when the pump was manufactured, defendants should have included fencing that, when erected, would have completely enclosed the manure pit that housed the pump. Defendants submitted expert testimony to the effect that industry standards did not require that such fencing be included in the manufacture of a manure pump and that installation of fencing was unique to each site and the responsibility of the end user of such a product. We agree and note that the failure to include such fencing does not constitute "direct evidence that a defect existed when the [pump] left the manufacturer" (*Preston v Peter Luger Enters., Inc.*, 51 AD3d at 1324) or prove that it " 'did not perform as intended' " when it was sold to plaintiff's employer (*id.*, quoting *Speller v Sears, Roebuck & Co.*, 100 NY2d at 41). As a result, defendants' motion for summary judgment seeking dismissal of plaintiffs' claim alleging defect in the manufacture of this pump should have been granted.

Plaintiffs also maintain that defendants failed in their duty to warn of latent dangers that it knew or should have known existed from foreseeable uses of the pump (*see Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998]; *Stalker v Goodyear Tire & Rubber Co.*, 60 AD3d at 1175). However, a manufacturer is not obligated to provide such warnings to a knowledgeable user who is already aware of the specific hazards that exist when the product is in use and which caused the accident (*see Liriano v Hobart Corp.*, 92 NY2d at 242; *Steuhl v Home Therapy Equip. Inc.*, 51 AD3d at 1103; *McArdle v Navistar Intl. Corp.*, 293 AD2d 931, 933 [2002]). Here, plaintiff used this pump for nine years prior to the accident and had been instructed on how to

maintain and operate it. He also entered the pit on numerous occasions prior to this accident to perform maintenance on the pump and knew that the opening in the hydraulic agitator was not covered by a guard. As such, he was a knowledgeable user of this product and defendants were relieved from any obligation to warn him of latent dangers that existed when the agitator was operating and the pump was in use (*see Liriano v Hobart Corp.*, 92 NY2d at 242; *Stalker v Goodyear Tire & Rubber Co.*, 60 AD3d at 1176). Therefore, defendants were entitled to summary judgment dismissing plaintiffs' claim regarding their duty to warn of latent dangers arising from the use of this product (*see id.*; *Steuhl v Home Therapy Equip., Inc.*, 51 AD3d at 1103).

We note that plaintiffs also filed causes of action alleging that defendants were negligent in the design of this pump and in failing to adequately warn regarding the existence of latent dangers. Since these claims, as the parties concede, are essentially identical to those alleging that defendants were strictly liable, defendants' motion for summary judgment as to these claims should be similarly resolved (*see Blandin v Marathon Equip. Co.*, 9 AD3d 574, 576 [2004]). Therefore, defendants' motion for summary judgment was properly denied as to plaintiffs' negligent design claim, but should have been granted with respect to the negligent failure to warn claim. Also, inasmuch as the pump was acquired by the farm in 1995, plaintiffs' breach of warranty claim is untimely and must be dismissed (*see* UCC 2-725). Finally, plaintiffs did not oppose defendants' motion for summary judgment as to those claims alleging that plaintiff was inadequately trained in the operation of the pump, or that the pump was not properly constructed. Therefore, we also grant defendants' motion for summary judgment as to those claims. In conclusion, all claims are dismissed except plaintiffs' claims of design defect sounding in strict liability and negligence and the loss of consortium claim related thereto.

Mercure, A.P.J., Peters and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by granting defendants' motion for summary judgment dismissing all of plaintiffs' claims except those claims of design defect sounding in strict liability and negligence, and the loss of consortium claim related thereto, and, as so modified, affirmed.