Rose, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered December 4, 2012 in Ulster County, which granted defendants’ motions for summary judgment dismissing the complaint and denied plaintiffs’ cross motions to, among other things, amend the complaint.
Plaintiffs commenced this action seeking to recover damages for injuries sustained by plaintiff Timothy Stokes (hereinafter plaintiff) when, while wearing work boots with wet soles, he slipped and fell from the top of an excavator as he was accessing the engine compartment to check the oil. Plaintiffs asserted negligence causes of action against defendant A. Montano Company, Inc., the commercial lessor of the excavator, and against defendants Komatsu America Corporation, Komatsu America Warranty Corporation, Komatsu Financial Ltd. Partnership, Komatsu Silicon America LLC, Komatsu Silicon America, Inc., Komatsu Associates, Inc., Komatsu Mining Systems, Inc., Komatsu Utility Corporation and Komatsu, Inc. *1153 (hereinafter collectively referred to as the Komatsu defendants). Plaintiffs also asserted additional causes of action for strict products liability and breach of warranty against the Komatsu defendants. After joinder of issue and discovery, Montano moved for summary judgment dismissing the complaint against it, and plaintiffs cross-moved to amend the complaint by adding a claim of strict products liability against Montano. The Komatsu defendants also moved for summary judgment dismissing the complaint against them on the ground that they were not responsible for the design, manufacture, marketing or distribution of the excavator, and plaintiffs cross-moved to amend the complaint by adding the manufacturer of the excavator, Komatsu U.K., Ltd., as a defendant. Supreme Court granted defendants’ motions for summary judgment and denied plaintiffs’ cross motions to amend, giving rise to this appeal by plaintiffs.
Supreme Court properly granted Montano’s motion for summary judgment dismissing the negligence causes of action. These claims asserted a violation of its duty, as a commercial lessor, to inspect the excavator prior to leasing it to plaintiffs employer and to warn plaintiff that the painted metal surface of the excavator was slippery when wet. Montano submitted proof in support of its motion that it conducted an extensive inspection of the excavator prior to leasing it to plaintiffs employer and had found it to be safe (see Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc., 96 AD3d 551, 553 [2012]; Dufur v Lavin, 101 AD2d 319, 324 [1984], affd 65 NY2d 830 [1985]). Further, photographs submitted with Montano’s moving papers reveal the existence of nonskid strips applied to the top surface of the excavator. Plaintiffs then countered with expert proof that the metal surface of the excavator was unreasonably slippery and dangerous when wet and that the nonskid strips located in the area where plaintiff stood to check the oil were inadequate. Plaintiffs did not, however, present any evidence that Montano failed to conduct a reasonable inspection (see Sideris v Simon A. Rented Servs., 254 AD2d 408, 409 [1998]; Lech v Conny, 55 AD2d 828, 828 [1976]; see also Alfieri v Cabot Corp., 17 AD2d 455, 459 [1962], affd 13 NY2d 1027 [1963]). Moreover, any duty to warn by Montano was negated by the fact that plaintiff was a knowledgeable user of heavy equipment with over 20 years of experience in operating and maintaining such machines (see Hall v Husky Farm Equip., Ltd., 92 AD3d 1188, 1190-1191 [2012]; Theoharis v Pengate Handling Sys. of N.Y., 300 AD2d 884, 885 [2002]).
We agree with plaintiffs, however, that their cross motion to amend the complaint to add a cause of action for strict products *1154 liability against Montano should have been granted. A commercial lessor may be held liable, even in the absence of fault, for injuries caused by a defective product that the lessor is in the business of leasing (see Winckel v Atlantic Rentals & Sales, 159 AD2d 124, 128-129 [1990]). Leave to amend is to be freely granted “at any time,” so long as there is no prejudice or surprise to the other party (CPLR 3025 [b]; see Webber v Scarano-Osika, 94 AD3d 1304, 1305 [2012]), “and the amendment is not plainly lacking in merit” (Paolucci v Mauro, 74 AD3d 1517, 1519 [2010] [internal quotation marks and citations omitted]).
Although plaintiffs did not seek to amend the complaint until four years after the commencement of the action, Montano has not identified any actual prejudice or valid claim of surprise. The proposed amendment is not based on new facts and there is “almost no difference” between negligence and strict products liability claims based on defective design (Searle v Suburban Propane Div. of Quantum Chem. Corp., 263 AD2d 335, 338 [2000] [internal quotation marks and citation omitted]; see Adams v Genie Indus., Inc., 14 NY3d 535, 543 [2010]; Fisher v Multiquip, Inc., 96 AD3d 1190, 1192 [2012]). Given the functionally synonymous nature of the claims, we conclude that the complaint provided adequate notice of the necessary elements and the proposed amendment relates back to the timely interposition of the negligence claim (see CPLR 203 [f]; Murphy v General Motors Corp., 55 AD2d 486, 488-489 [1977]; see also Smith v Haggerty, 16 AD3d 967, 968 [2005]). Furthermore, the strict products liability claim cannot be said to be plainly lacking in merit as plaintiffs submitted an affidavit from a certified safety professional who opined that the slippery surface of the excavator was unreasonably dangerous, described why and explained how it could have been made safer (see Steuhl v Home Therapy Equip., Inc., 51 AD3d 1101, 1104 [2008]; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 680 [2004]).
We also agree with plaintiffs that the motion for summary judgment by the Komatsu defendants should have been denied. The latter had the burden of establishing that, as a matter of law, they neither manufactured nor supplied the excavator (see Ebenezer Baptist Church v Little Giant Mfg. Co., Inc., 28 AD3d 1173, 1174 [2006]; Baum v Eco-Tec, Inc., 5 AD3d 842, 843-844 [2004]). Although a Komatsu America employee submitted an affidavit claiming that none of the Komatsu defendants either manufactured, designed, distributed or sold the excavator, the employee did not identify his position or offer any evidentiary facts to support his assertions regarding design, distribution *1155 and sale. His affidavit attached a copy of a photograph of the excavator’s identification plate indicating that the manufacturer was Komatsu U.K., Ltd., a corporate entity headquartered in the United Kingdom. While this evidence establishes that the excavator was not manufactured by any of the named Komatsu defendants, it is insufficient to establish that they had nothing to do with the design, distribution, marketing or sale of the excavator (see Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 94 AD3d 1270, 1272 [2012]; Ebenezer Baptist Church v Little Giant Mfg. Co., Inc., 28 AD3d at 1174).
Supreme Court did not err, however, by denying plaintiffs’ cross motion to add Komatsu U.K., Ltd. as a defendant. Because the proposed claims are untimely, plaintiffs were required to relate them back to the original complaint by establishing that (1) they arose out of the same occurrence, (2) the named Komatsu defendants and the proposed defendant are united in interest and (3) the proposed defendant knew or should have known that, but for the mistaken identity, the action would have been brought against it as well (see CPLR 203 [b]; Buran v Coupal, 87 NY2d 173, 178 [1995]). While the first prong of the test is met here, the second is not. Unity of interest requires a showing that the judgment will similarly affect the proposed defendant, and “that the new and original defendants are vicariously liable for the acts of the other” (Mongardi v BJ’s Wholesale Club, Inc., 45 AD3d 1149, 1151 [2007] [internal quotation marks and citations omitted]; see De Sanna v Rockefeller Ctr., Inc., 9 AD3d 596, 598 [2004]). The Komatsu defendants assert that while they and Komatsu U.K., Ltd. are related subsidiaries of the same holding company or parent corporation, they are each separate and distinct entities. We must agree with them that plaintiffs have failed to come forward with evidence that there is any type of interrelationship between them that would give rise to vicarious liability and entitle plaintiffs to rely upon the relation back doctrine (see Mongardi v BJ’s Wholesale Club, Inc., 45 AD3d at 1151; Zehnick v Meadowbrook II Assoc., 20 AD3d 793, 797 [2005], lv dismissed and denied 5 NY3d 873 [2005]; Achtziger v Fuji Copian Corp., 299 AD2d 946, 948 [2002]).
Stein, J.E, McCarthy and Egan Jr., JJ., concur.
Ordered that the order is modified, on the law, without costs, by (1) reversing so much thereof as denied plaintiffs’ cross motion to amend the complaint to add a strict liability cause of action against defendant A. Montano Co., Inc. and (2) reversing so much thereof as granted the motion by defendants Komatsu America Corporation, Komatsu America Warranty Corporation, Komatsu *1156 Financial Ltd. Partnership, Komatsu Silicon America LLC, Komatsu Silicon America, Inc., Komatsu Associates, Inc., Komatsu Mining Systems, Inc., Komatsu Utility Corporation and Komatsu, Inc. for summary judgment dismissing the complaint against them; said cross motion granted and said motion denied; and, as so modified, affirmed.