Lynch, J.
Appeal from an order of the Supreme Court (Giardino, J.), entered May 1, 2014 in Fulton County, which partially denied a motion by defendant Techno-Design Inc. for summary judgment dismissing the complaint against it.
Plaintiff, who was employed as a maintenance worker for Codino’s Food, Inc., was injured when his arm became entangled in the gears of a ravioli machine. The machine, manufactured by defendant Techno-Design, Inc. (hereinafter defendant), was designed to produce 10,000 pounds of ravioli in an hour and, pertinent here, was equipped with adjustable components to allow for the production of various types and sizes of pasta and with several nozzles that filled the pasta with cheese. The machine was designed with three areas to access its interior workings, including a side door that could be opened to remove the components and nozzles for adjustments and to be cleaned. Unlike the two other access areas, the side door did not have an interlock device that would automatically shut the machine down once it was opened. In part, this was because the maintenance mechanics were occasionally required to watch the machine as it was operating in order to troubleshoot issues as they arose.
In February 2008, plaintiff reached into the side access door to adjust one of the cheese nozzles. Although this task required him to reach six inches past a visible, moving gear into the *1178 machine and blindly twist one of the nozzles with an alien wrench, he did not shut the machine off nor did he use the access area at the rear of the machine that would have permitted him to see and adjust any of the nozzles easily. Within one minute of reaching into the machine, his jacket sleeve became caught in the gear and his arm was pulled in, causing serious and disfiguring injuries. In March 2010, plaintiff commenced this negligence action sounding in products liability against, among another, defendant and, following joinder of issue, defendant commenced a third-party action against Codino’s Food.[1] Thereafter, defendant moved for summary judgment dismissing plaintiff’s claims. Supreme Court partially denied the motion, finding that there were questions of fact precluding summary dismissal of all but plaintiff’s claim that defendant defectively manufactured the ravioli machine. This appeal ensued.
Generally, and as relevant here, a person injured by an allegedly defective product may assert a claim against the manufacturer of a product based on negligence or strict products liability (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106 [1983]). The injured party may claim that the product is defective either because there was a mistake in the manufacturing process, an improper design, or the manufacturer did not provide adequate warnings with regard to the use of the product (see Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]; Voss v Black & Decker Mfg. Co., 59 NY2d at 107; Gray v R.L. Best Co., 78 AD3d 1346, 1348-1349 [2010]). Here, the issues presented are limited to whether the ravioli machine was defectively designed and the adequacy of defendant’s warnings.
Liability for a defectively designed product “attaches when the product, as designed, presents an unreasonable risk of harm to the user” (Voss v Black & Decker Mfg. Co., 59 NY2d at 107). A successful cause of action for defective design exists where a plaintiff is able to establish “that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing plaintiff’s injury” (id.; see Fisher v Multiquip, Inc., 96 AD3d 1190, 1193 [2012]; Steuhl v Home Therapy Equip., Inc., 51 AD3d 1101, 1103 [2008]). To demonstrate a product was not “reasonably safe,” the injured party must demonstrate both that there was a substantial likelihood of harm and that “it was feasible to design the product in a safer manner” (Voss v *1179 Black & Decker Mfg. Co., 59 NY2d at 108). A claim may be defeated where a defendant demonstrates that the product’s “utility outweighs its risks [because] the product has been designed so that the risks are reduced to the greatest extent possible while retaining the product’s inherent usefulness at an acceptable cost” (id.). This “risk-utility analysis” requires consideration of “ ‘(1) the product’s utility to the public as a whole, (2) its utility to the individual user, (3) the likelihood that the product will cause injury, (4) the availability of a safer design, (5) the possibility of designing and manufacturing the product so that it is safer but remains functional and reasonably priced, (6) the degree of awareness of the product’s potential danger that can reasonably be attributed to the injured user, and (7) the manufacturer’s ability to spread the cost of any safety-related design changes’ ” (Hall v Husky Farm Equip., Ltd., 92 AD3d 1188, 1189 [2012], quoting Denny v Ford Motor Co., 87 NY2d 248, 257 [1995]). Generally, the risk/utility analysis presents a factual question for a jury (see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 54 [2014]; Fisher v Multiquip, Inc., 96 AD3d at 1194; Steuhl v Home Therapy Equip., Inc., 51 AD3d at 1104).
Here, defendant’s submissions included an affidavit by Ruben Diaz, the designer of the ravioli machine. According to Diaz, he designed the machine with three emergency switches, one at each side and one at the back that could immediately shut the machine down. Further, he explained that he included interlocking switches that automatically shut the machine down at the access area located at the back of the machine, used to adjust the cheese nozzles, and at the front access area, which could be opened to adjust the dough. Diaz recalled that when he delivered the machine to plaintiff’s employer, he explained that the appropriate way to adjust the cheese nozzles was to access them from the back, not the door at the side of the machine.[2] The side access, he explained, was intended to be used by the operators to remove parts for cleaning and to observe the machine as it was running. Diaz explained that, because an interlock device would prevent such observation, he did not include it on the side access door. According to Diaz, there were no federal or state safety regulations applicable to the design of the ravioli machine, he had never been informed that anyone had been injured on any similarly designed machine and it was reasonably safe as designed.
In our view, defendant’s submissions were sufficient to shift *1180 the burden to plaintiff “to present competent proof that . . . there was a substantial likelihood of harm and it was feasible to design the product in a safer manner” (Fisher v Multiquip, Inc., 96 AD3d at 1194 [internal quotation marks and citations omitted]; see Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1323 [2008]; Warnke v Warner-Lambert Co., 21 AD3d 654, 656 [2005]). To this end, plaintiff submitted an affidavit by Harold Ehrlich, an engineer with experience in industrial design and manufacturing. Ehrlich explained that because the side door does not prevent — but instead invites — access to the parts of the machine, the designer should have anticipated that a person might reach into the machine as it was running. Further, even if installing an interlocking switch was not feasible, Ehrlich opined that it was feasible to design the side access with a mesh or screen overlay, covered with see-through plexiglass or an interlocked plexiglass door (like the other access areas) to prevent access to moving parts. Given the disagreement between Ehrlich and Diaz, we agree with Supreme Court that factual questions with regard to plaintiff’s defective design claim were for the trier of fact to resolve at trial (see Fisher v Multiquip, Inc., 96 AD3d at 1194-1195; Hall v Husky Farm Equip., Ltd., 92 AD3d at 1190; compare Preston v Peter Luger Enters., Inc., 51 AD3d at 1323).[3]
Turning to plaintiff’s claims based on the adequacy of defendant’s warnings, in general, “[a] manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known . . . [and] to warn of the danger of [reasonably foreseeable] unintended uses of a product” (Liriano v Hobart Corp., 92 NY2d at 237). Further, while “a manufacturer may be liable for failing to warn against the dangers of foreseeable misuse of its product” (id. at 240), “a limited class of hazards need not be warned of as a matter of law because they are patently dangerous or pose open and obvious risks” (id. at 241), and a manufacturer’s duty to warn may be obviated where the injured party has “actual knowledge of the specific hazard that caused the injury” (id.). Here, no warning was posted at the side access door of the machine with regard to the hazard of reaching into the machine while it was operating. Nevertheless, plaintiff was the mechanic who worked on the ravioli machine for approximately *1181 10 years, and he acknowledged being aware that he was not supposed to access the cheese nozzles from the side without first shutting the machine down. In light of his extensive experience, we are not persuaded by plaintiff’s attempt to distinguish the risk posed by a jacket sleeve as compared to his bare arm while reaching into the operating ravioli machine. The record confirms that plaintiff had to reach past clearly visible moving gears of the ravioli machine. Given this obvious danger, and because plaintiff — who was aware of the specific entanglement risk and the appropriate way to avoid the risk — would not have benefitted from a warning, Supreme Court should have granted defendant’s motion for summary judgment dismissing plaintiff’s claim based on the inadequacy of the warnings (see Hall v Husky Farm Equip., Ltd., 92 AD3d at 1190-1191; Stalker v Goodyear Tire & Rubber Co., 60 AD3d 1173, 1175-1176 [2009]; Frisbee v Cathedral Corp., 283 AD2d 806, 807 [2001]; Scardefield v Telsmith, Inc., 267 AD2d 560, 563 [1999], lv denied 94 NY2d 761 [2000]).
Finally, given the questions of fact with regard to plaintiff’s defective design claims and because there are questions with regard to whether the ravioli machine was purposefully designed to be used without the side door in place, we find that Supreme Court properly denied defendant’s motion for summary judgment based on its substantial modification defense (see Hoover v New Holland N. Am., Inc., 23 NY3d at 57-58, 61; Lopez v Precision Papers, 67 NY2d 871, 873 [1986]). Notably, whether or not the side door was in place, access to the interior moving parts was readily available.
McCarthy, J.P., Egan Jr. and Clark, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of defendant’s motion for summary judgment seeking dismissal of plaintiff’s cause of action for failure to warn; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.

. The third-party action was previously dismissed by this Court in a prior appeal (125 AD3d 1168 [2015]).

. It is not disputed that at the time of plaintiff’s accident, the door had either been removed or broken off at the side access.

. As “very little difference exists between prima facie cases in negligence and in strict liability” based on defective design (Blandin v Marathon Equip. Co., 9 AD3d 574, 576 [2004]), we find that Supreme Court also properly determined that questions of fact precluded summary dismissal of plaintiff’s negligent design claim (see Hall v Husky Farm Equip., Ltd., 92 AD3d at 1191; Blandin v Marathon Equip. Co., 9 AD3d at 576).