Palmatier v Mr. Heater Corp. (2018 NY Slip Op 01368)





Palmatier v Mr. Heater Corp.


2018 NY Slip Op 01368


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

524730

[*1]SARAH PALMATIER, Plaintiff,
v
MR. HEATER CORPORATION et al., Appellants, and AT LAST SPORTSWEAR, INC., Formerly Known as SHAHI INTERNATIONAL IMPORTS, INC., et al., Respondents, et al., Defendants.

Calendar Date: January 19, 2018

Before: Garry, P.J., McCarthy, Mulvey and Aarons, JJ.


Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Edward D. Laird Jr. of counsel), for appellants.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for At Last Sportswear, Inc., respondent.
O'Connor, O'Connor, Bresee & First, PC, Albany (Carol E. Crummey of counsel), for Wal-Mart East, LP and others, respondents.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Gilpatric, J.), entered November 9, 2016 in Ulster County, which granted certain defendants' motions for summary judgment dismissing the complaint against them.
Plaintiff was wearing an ankle-length brown skirt with a knee-length white dress over it as she briefly warmed herself by an unvented propane heater. Her clothing caught fire and she suffered injuries. Plaintiff commenced two actions, now consolidated, against, among others, the corporations that allegedly sold the white dress that plaintiff was wearing (defendants Wal-Mart East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc. and Wal-Mart Associates [*2][hereinafter collectively referred to as the Wal-Mart defendants]), distributed the dress (defendant At Last Sportswear, Inc.) and manufactured, designed and distributed the heater (defendants Mr. Heater Corporation, Enerco Group, Inc. and Tractor Supply Company [hereinafter collectively referred to as the Enerco defendants]). Following discovery, At Last Sportswear and the Wal-Mart defendants moved for summary judgment dismissing the complaint and any cross claims asserted against them contending, among other things, that the dress was not defective, that it did not need a warning label and that any alleged defect did not proximately cause plaintiff's injuries. Plaintiff did not oppose the motions; only the Enerco defendants did. Supreme Court granted the motions. The Enerco defendants appeal.
Contrary to the arguments of the Wal-Mart defendants, the Enerco defendants were entitled to bring this appeal because they were aggrieved by Supreme Court's order (see CPLR 5511). Pursuant to CPLR 1601 (1), when a verdict in a personal injury action determines that two or more tortfeasors are jointly liable and a defendant is found to be responsible for 50% or less of the total liability, that defendant will not be required to pay the claimant for more than that defendant's share of the noneconomic loss (see Rangolan v County of Nassau, 96 NY2d 42, 46 [2001]). CPLR article 16 applies automatically, even if a defendant does not plead it as an affirmative defense, though the Enerco defendants did raise this defense in their answer (see CPLR 1601 [1]; Cooper v Burt's Reliable, Inc., 105 AD3d 886, 888 [2013]; Marsala v Weinraub, 208 AD2d 689, 690 [1994])[FN1]. Although liability can be apportioned between any tortfeasors, whether they are codefendants or nonparties, if an alleged tortfeasor was a codefendant whom the court had dismissed from the case, the law of the case doctrine would preclude the remaining defendants from introducing at trial any evidence regarding the same type of defect or error by that alleged tortfeasor that was previously litigated (see Carmona v Mathisson, 92 AD3d 492, 492-493 [2012]). Thus, the Enerco defendants were entitled to challenge motions by any codefendants seeking to be released from the action, they were aggrieved by any orders granting dismissal and they could, therefore, appeal any such orders.
Supreme Court erred in granting the motions by At Last Sportswear and the Wal-Mart defendants for summary judgment dismissing the causes of action alleging that the white dress was defectively designed. To begin, viewing the evidence in the light most favorable to the nonmoving parties and granting them every favorable inference to be drawn from the evidence (see Dann v Family Sports Complex, Inc. 123 AD3d 1177, 1179 [2014]), there is a factual question as to which garment caught fire first. The record evidence also raises questions regarding whether the dress contained any design defects. Generally, a jury should determine from all of the evidence whether a product is defectively designed (see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 54 [2014]). Here, the moving defendants initially established their prima facie entitlement to summary judgment. Their expert opined that the dress materials complied with and exceeded the requirements of the Federal Flammable Fabrics Act (15 USC § 1191 et seq. [hereinafter FFA]) and accompanying regulations (16 CFR part 1610) for general wearing apparel, as well as the industry standard, that the dress was reasonably safe and suitable for its intended use, that it was not defective in any manner and that this type of 100% cotton dress was [*3]a standard commodity. While we acknowledge that compliance with the FFA standards "is merely some evidence of due care and does not preclude a finding of negligence" (Mercogliano v Sears, Roebuck & Co., 303 AD2d 566, 566 [2003]; see Palmatier v Mr. Heater Corp., 156 AD3d 1178, 1180 [2017]; Feiner v Calvin Klein, Ltd., 157 AD2d 501, 502 [1990]; Sherman v Lowenstein & Sons, 28 AD2d 922, 922 [1967]; but see Spiconardi v Macy's E., Inc., 83 AD3d 472, 473 [2011]), the moving defendants' expert based his opinion that the dress was not defective on his 45 years of experience in the industry, not just on the FFA testing.
In response, the Enerco defendants submitted an affidavit from their own expert, who opined that the FFA standards are insufficient to determine whether a garment is safe because it addresses only some factors affecting flammability of the fabric but not the design of the garment itself (see Vail v KMart Corp., 25 AD3d 549, 550 [2006]). He supported his opinion with literature in which industry professionals addressed the inadequacy of the FFA standards to protect consumers. These competing expert opinions present a triable issue of fact regarding whether a design defect exists (see Terwilliger v Max Co., Ltd., 137 AD3d 1699, 1702 [2016]; Barclay v Techno-Design, Inc., 129 AD3d 1177, 1180 [2015]; Steuhl v Home Therapy Equip., Inc., 51 AD3d 1101, 1104 [2008]).
The record also presents a triable question of fact as to whether At Last Sportswear and the Wal-Mart defendants breached a duty to warn of the dress's flammability. A manufacturer, distributor or seller generally has a duty to warn against latent dangers associated with the use of its product that were or should have been known (see Barclay v Techno-Design, Inc., 129 AD3d at 1180). This duty does not apply if the product is patently dangerous or presents open and obvious risks (see id.). Similarly, the failure to warn could not be a proximate cause of a plaintiff's injury if the plaintiff had actual knowledge of the injury-producing hazard or chose to ignore all warnings (see id.; Steuhl v Home Therapy Equip., Inc., 51 AD3d at 1103). The parties' experts disagreed as to whether labels warning about the
dress's flammability and the need to be cautious around heat sources were appropriate for such general wearing apparel and existed in the United States market for this type of garment. Thus, factual issues remain regarding whether At Last Sportswear and the Wal-Mart defendants breached a duty to warn.
At Last Sportswear and the Wal-Mart defendants argue that the lack of warning labels could not have been a proximate cause of plaintiff's injuries. Plaintiff's testimony that she did not typically look at clothing labels before buying or laundering garments was not definitive proof that she never looks at labels. She also testified that she "[p]ossibly" would have changed her behavior on the day of the incident if her clothing had warnings regarding flammability or to stay away from high heat. Furthermore, plaintiff's general awareness that clothing can catch fire and that some fabrics burn faster than others was insufficient to establish, as a matter of law, that warnings would not have made any difference in plaintiff's behavior.
Garry, P.J., Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions of defendants At Last Sportswear, Inc., Wal-Mart East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc. and Wal-Mart Associates for summary judgment dismissing the causes of action alleging design defects and failure to warn; motions denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: The Enerco defendants did not assert a cross claim against the Wal-Mart defendants, and this Court recently affirmed Supreme Court's order denying the Enerco defendants' motion to amend their answer to include such a claim (Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169-1170 [2017]). Nevertheless, CPLR article 16 may require apportionment of liability between these defendants.