Lyall v Justin Boot Co. (2021 NY Slip Op 03100)





Lyall v Justin Boot Co.


2021 NY Slip Op 03100


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

531937
[*1]Steven Lyall, Appellant,
v
Justin Boot Company et al., Respondents.

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 

Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.
Law Offices of John Wallace, Hartford, Connecticut (Murry S. Brower of counsel), for Justin Boot Company and another, respondent.
Tromello & Fishman, Tarrytown (Christine D. Hanlon of counsel), for Kenco Work & Safety Store, Inc., respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered February 5, 2020 in Ulster County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.
Plaintiff, a commercial logger, purchased a pair of logger boots from defendant Kenco Work & Safety Store, Inc. The boots were designed and manufactured by defendants Justin Boot Company and Chippewa Boot Company. While using a chainsaw to cut a tree, the chainsaw kicked back and cut through the vamp part of one of plaintiff's logger boots. Plaintiff thereafter commenced this strict liability action for alleged personal injuries sustained. Following joinder of issue and discovery, Justin and Chippewa moved for summary judgment dismissing the complaint. Kenco separately moved for similar relief. Plaintiff opposed both motions and cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendants' motions and denied plaintiff's cross motion. Plaintiff appeals. We affirm.[FN1]
A claim based upon a manufacturing defect requires a showing that "the product did not perform as intended and that it was defective at the time it left the hands of the manufacturer" (Fitzpatrick v Currie, 52 AD3d 1089, 1090 [2008]). "A successful cause of action for defective design exists where a plaintiff is able to establish that the manufacturer breached its duty to market safe products when it marketed a product designed so that it was not reasonably safe and that the defective design was a substantial factor in causing [the] plaintiff's injury" (Barclay v Techno-Design, Inc., 129 AD3d 1177, 1178 [2015] [internal quotation marks and citations omitted]; see Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1324 [2008]).
Plaintiff does not dispute that the logger boots did not have any specific defect. Instead, plaintiff contends that, because the logger boots lacked protection from chainsaw cuts, a question of fact exists as to whether they were reasonably safe and fit for their intended purpose. We disagree.
The designer of the logger boots in question testified at his deposition that the defining factor of a logger boot is its height and the shape of its heel. According to the designer, the higher heel of the logger boot was intended to help the wearer walk in the woods, step on underbrush and avoid tripping. Some logger boots had Kevlar, but it was only in the laces. The designer stated that the logger boots passed an impact test per federal requirements and was not designed to have chainsaw cut resistance or Kevlar in the vamp. In his affidavit, the designer averred that the logger boots conformed to the applicable industry standard, which did not require that the boots be cut resistant or contain Kevlar. The foregoing establishes that the logger boots, as designed, were reasonably safe for their intended use (see Merritt v Raven Co., 271 AD2d 859, 861 [2000]; Vannucci v Raymond Corp., 258 AD2d 198, 200 [1999]). [*2]In opposition thereto, the opinion of plaintiff's expert and plaintiff's subjective expectations about the logger boots were insufficient to raise a material issue of fact (see Darrow v Hetronic Deutschland GmbH, 181 AD3d 1037, 1042-1043 [2020]; Merritt v Raven Co., 271 AD2d at 862). Accordingly, the manufacturing and design defect claims were correctly dismissed.
As to the remaining claims, because the record reveals that the logger boots were neither defective nor unsuitable for their intended purpose, the breach of warranty claim was correctly dismissed (see Hofflich v Mendell, 235 AD2d 784, 785 [1997]; Affuso v Crestline Plastic Pipe Co., 194 AD2d 884, 885 [1993]). Likewise, to the extent that plaintiff relies upon a failure to warn theory, in view of plaintiff's experience as a commercial logger, such reliance is unavailing (see Hall v Husky Farm Equip., Ltd., 92 AD3d 1188, 1191 [2012]; Neri v John Deere Co., 211 AD2d 915, 916 [1995]; Baptiste Northfield Foundry & Mach. Co., 184 AD2d 841, 843 [1992]; Gordon v Goldman Bros., 130 AD2d 457, 458-459 [1987], lv denied 70 NY2d 610 [1987]). Regarding plaintiff's assertion that Kenco made a negligent misrepresentation about the logger boots, we note that plaintiff never alleged a negligent misrepresentation cause of action in the complaint. Although plaintiff relies on the bill of particulars as alleging a negligent misrepresentation claim, a bill of particulars may not be used to raise a theory not originally asserted in the complaint (see Schonbrun v DeLuke, 160 AD3d 1100, 1101 [2018]). In any event, even if such claim was properly pleaded, it is without merit. As such, Supreme Court did not err in granting defendants' motions.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: Plaintiff has abandoned any issue concerning the denial of his cross motion by failing to raise any argument in his brief with respect thereto (see Garrison v Dick's Sporting Goods, Inc., 187 AD3d 1379, 1380 n [2020]).