■ Francisca Miranda, Appellant, v Riverdale Manor Home for Adults et al., Respondents, et al., Defendants. [37 NYS3d 258]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 21, 2013, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Federation Employment and Guidance Services and Susanne Choe, M.D., and the motion of defendants Riverdale Manor Home for Adults, and Elener Associates, LLC (collectively Riverdale) for summary judgment dismissing the complaint as against them and denied plaintiff's cross motion for leave to amend the

complaint to add a new cause of action, unanimously affirmed, without costs.

The court properly granted defendants' respective motions for summary judgment in this action where Luis Miranda, a person with a serious mental disorder and cognitive impairment sustained injuries after leaving the premises of Riverdale, an "open door" residential facility for disabled adults.

The court correctly found, as plaintiff's attorney recognized at oral argument, that Riverdale was properly classified as an adult home under 18 NYCRR 487.2 (a), not a residential health care facility or nursing home subject to article 28 of the Public Health Law (*see* 18 NYCRR 485.2 [a]).

In addition, the record demonstrates that Miranda was evaluated by psychiatrists independent of Riverdale prior to admission to the facility and before each re-admission. These professionals found that Riverdale was a suitable residence for Miranda, despite its open-door policy and his tendency to leave the facility and not return for several days. Defendants met their prima facie burden to show that they did not deviate from the appropriate standard of care. As defendants noted, on several occasions, hospital doctors cleared Miranda for discharge and determined that the Riverdale facility was suitable for him.

The affirmation of plaintiff's expert did not raise any triable issue of fact. The motion court correctly noted plaintiff's expert did not point to any other viable alternatives and did not specifically opine that either a nursing home or a locked-door state psychiatric hospital was a viable option for Miranda, given his medical condition at the time. Moreover, plaintiff does not cite to any regulatory authority that refutes defendants' position that they fulfilled their responsibilities when the facility or the psychiatrist sent Miranda to the hospital for an evaluation.

The court exercised its discretion in a provident manner in denying plaintiff leave to amend the complaint to assert a negligence claim against Riverdale more than a year after the filing of the note of issue. Plaintiff failed to provide a reasonable excuse for the delay or cite material facts that were not known prior to the close of discovery (*see e.g. Haddad v New York City Tr. Auth.*, 5 AD3d 255 [1st Dept 2004]).

We have considered plaintiff's remaining contentions, and find them unavailing. Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.