Famoso v Arcadia Mgt., Inc. (2022 NY Slip Op 06911)

Famoso v Arcadia Mgt., Inc.

2022 NY Slip Op 06911

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-14446
 (Index No. 605537/17)

[*1]Charles Famoso, etc., respondent, 
v
Arcadia Management, Inc., etc., appellant.

Sheeley LLP, New York, NY (Jon Lichtenstein and Marcela Cuadrado of counsel), for appellant.
Chiariello & Chiariello, Glen Cove, NY (Gerald Chiariello II of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence and breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered November 6, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Between June 2013 and July 2015, Grace Famoso (hereinafter the decedent), was a resident of adult care facilities allegedly owned and operated by the defendant. In June 2017, the plaintiff, the decedent's son, commenced this action to recover damages for negligence and breach of the decedent's residency agreements with the defendant, alleging, among other things, that the defendant failed to provide the decedent with appropriate supervision and monitoring. The defendant moved for summary judgment dismissing the complaint. In an order entered November 6, 2019, the Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Orellana v Mendez, 208 AD3d 888, 889). Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant's facilities, as adult homes (see 18 NYCRR 487.2, 485.2[a], [b]), did not breach any duty or contractual obligation owed to the decedent (see Miranda v Riverdale Manor Home for Adults, 142 AD3d 813, 814; Hanley v Engel Burman Senior Hous. at Massapequa, LLC, 2012 NY Slip Opp 30669[U] [Sup Ct, Nassau County]). In opposition, however, the plaintiff submitted evidence sufficient to raise triable issues of fact, inter alia, as to whether the defendant was negligent in failing to provide the decedent with adequate [*2]supervision, and whether the defendant breached the terms of the residency agreements (cf. Miranda v Riverdale Manor Home for Adults, 142 AD3d at 814).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court